**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


Josephine Amatucci

    v.                            Case No. 21-cv-237-LM

Attorney Daniel Mullen;
Joseph Laplante, individually,
    as a private person; and
Ransmeier & Spellman


**REPORT AND RECOMMENDATION**


Plaintiff Josephine Amatucci, proceeding pro se and in forma pauperis, has filed a complaint (Doc. No. 1/#5245 #5239 #5119[1]) and a number of filings which the Court construes as complaint addenda (Doc. Nos. 5/#5398, 6/#5398, 7/#5386, 8/#5419, 9/#5430, 10/#5435, 15/#5579, 16/#5585, 18/#5630), alleging that the defendants have violated her rights under state and federal law.  Also before the Court are Mrs. Amatucci's motions for summary judgment and judgment as a matter of law (Doc. Nos. 12/#5556, 13/#5559, 14/#5556, 17/#5639, 19/#5642, 20/#5677, 21/#5701, 22/#5724, 23/#5726).

The complaint and complaint addenda are before the undersigned Magistrate Judge for preliminary review pursuant to

---

[1] As a courtesy to Mrs. Amatucci, the Court includes the four-digit number she has given to her filings along with the docket number assigned to each filing by the Court.

28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2). The motions are before the undersigned for a recommendation as to disposition. The factual and legal assertions in those motions are considered to be complaint addenda for purposes of preliminary review.

## Preliminary Review Standard

The court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). In considering whether a pro se complaint states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

## Background

This action arises out of a case previously litigated in this Court, Amatucci v. O'Brien, No. 17-cv-237-JL (D.N.H.)

2

("Case 17-237"), in which Mrs. Amatucci asserted that employees of the Town of Wolfeboro and members of the Carroll County Sheriff's Department violated her rights by engaging in certain conduct relating to her arrest after a traffic stop on May 7, 2014 and the criminal proceedings that followed.

Attorney Daniel J. Mullen of the law firm Ransmeier & Spellman PC ("Ransmeier") appeared on behalf of three defendants in Case 17-237: the Town of Wolfeboro, Shane Emerson, and Stuart Chase.  See Case 17-237 (ECF Nos. 62, 86).  United States District Judge Joseph Laplante presided over Case 17-237.

On September 24, 2018, in Case 17-237, Judge Laplante held a hearing on the parties' cross motions for summary judgment, after which he entered the following Order:

> After today's oral argument the plaintiff's motion for summary judgment ([ECF No.] 123) is denied.  Her prior motion for summary judgment ([ECF No.] 109) was withdrawn.  The defendants' motion for summary judgment ([ECF No.] 138) is granted.  Written order to follow.  The court will accept no filing from either party prior to the issuance of that order.  The final pretrial conference and trial shall be removed from the court calendar.

Case 17-237, Sept. 24, 2018 Order.  On December 27, 2018, Judge Laplante issued his written order on the parties' motions for summary judgment.  See id. (ECF No. 190).  Mrs. Amatucci appealed that decision to the First Circuit, which affirmed Judge Laplante's ruling.  See Amatucci v. Chase, No. 19-1109 (1st Cir. Jan. 10, 2020); Case 17-237 (ECF No. 215).  Mrs.

Amatucci also filed multiple post-judgment motions in Case 17-237, all of which were denied.

### Claims

In this action, Mrs. Amatucci asserts the following claims:

1.   Attorney Mullen and Judge Laplante conspired with one another, in Case 17-237, to commit fraud, to grant the defendants' motion for summary judgment, and to violate Mrs. Amatucci's civil rights, to deny Mrs. Amatucci damages in that case, when Judge Laplante and Attorney Mullen knew or should have known that the defendants' summary judgment motion relied on false information.

2.   Judge Laplante's actions in Case 17-237 violated Judicial Canons.

3.   Judge Laplante improperly failed to recuse himself in Case 17-237.

4.   Judge Laplante's and Attorney Mullen's conduct in Case 17-237 violated federal and state law, as that conduct amounted to: fraud, legal malpractice, abuse of process, corruption, federal criminal conduct, and interference with interstate commerce.

5.   Mrs. Amatucci is entitled to injunctive relief, as follows:

> a.   An Order directing the Town of Wolfeboro to vacate Mrs. Amatucci's June 2015 state court conviction for disobeying a police officer, which was prosecuted by Timothy Morgan, a Wolfeboro employee and policymaker for the Town, rendering the Town liable for Mrs. Amatucci's improper conviction under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978);

> b.   An Order directing the New Hampshire Circuit Court and/or New Hampshire Circuit Court Judge Patten to vacate Mrs. Amatucci's June 2015 state court conviction for disobeying a police officer;

> c.   An Order directing the New Hampshire Department

of Safety to remove Mrs. Amatucci's June 2015
conviction for disobeying a police officer from her
criminal record;

d.    An Order directing the New Hampshire Superior
Court and/or New Hampshire Superior Court Judge
Ignatious to vacate Judge Ignatious's Order declaring
Mrs. Amatucci to be a vexatious litigant under state
law; and

e.    An Order directing Judge Laplante, or another
judge, to vacate the judgment against Mrs. Amatucci in
Case 17-237, because Judge Laplante's ruling granting
the defendants' motion for summary judgment in Case
17-237 relied on false factual assertions, and
therefore was made in excess of Judge Laplante's
jurisdiction, as Judge Laplante's jurisdiction does
not extend to making decisions which are based on
false factual assertions.

## **Discussion**

### I.    Conspiracy (Claim 1)

Mrs. Amatucci has alleged that Attorney Mullen conspired

with Judge Laplante to violate her civil rights, to the extent

they conspired to grant Attorney Mullen's motion for summary

judgment.  A claim alleging a conspiracy to violate an

individual's civil rights arises under 42 U.S.C. § 1985(2).  A

conspiracy to violate civil rights is

commonly defined [as] "a combination of two or more
persons acting in concert to commit an unlawful act,
or to commit a lawful act by unlawful means, the
principal element of which is an agreement between the
parties to inflict a wrong against or injury upon
another, and an overt act that results in damages."

5

Sanchez v. Foley, 972 F.3d 1, 11 (1st Cir. 2020) (quoting Estate of Bennett v. Wainwright, 548 F.3d 155, 178 (1st Cir. 2008)). Although "pro se complaints are to be read generously, allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements." Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) (per curiam) (citation omitted).

Stripped of conclusory statements and speculation about the existence of the conspiracy Mrs. Amatucci alleges here, the allegations in her complaint documents fail to state any facts supporting a claim that Attorney Mullen and Judge Laplante entered into an agreement to improperly grant Attorney Mullen's summary judgment motion in Case 17-237 or to otherwise violate her rights in that case. Accordingly, Mrs. Amatucci has failed to state a civil rights conspiracy claim upon which relief might be granted.

II. Attorney Mullen and Ransmeier (Claim 4)

A. Federal Constitutional Claims - Private Actor

Mrs. Amatucci asserts that Attorney Mullen violated her federal civil rights under 42 U.S.C. § 1983. It is well-settled, however, that such a claim cannot be asserted against a private individual. See Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cty. v. Dodson, 454 U.S. 312 (1981)). A

private party is deemed to be a state actor for purposes of

§ 1983 only under limited circumstances, which are not present

here.  See generally Blum v. Yaretsky, 457 U.S. 991, 1004-05

(1982) (describing circumstances under which a private actor can

be deemed to be a state actor for purposes of § 1983).  Attorney

Mullen is a private party, not a government actor.

To the extent Mrs. Amatucci may be relying on her

allegations of a conspiracy between Attorney Mullen and Judge

Laplante to demonstrate that Attorney Mullen is a government

actor, she has failed to establish a conspiracy claim in this

case.  Moreover, Judge Laplante is a federal judge, and

therefore, even if Mrs. Amatucci had asserted facts to support a

conspiracy between Attorney Mullen and Judge Laplante, such a

conspiracy would not render any action by Attorney Mullen as

having occurred under color of state law.  Accordingly, Mrs.

Amatucci has failed to allege any claim under 42 U.S.C. § 1983

upon which relief might be granted against Attorney Mullen based

on a violation of her federal constitutional rights.


B.   State Law Claims & Respondeat Superior

Mrs. Amatucci has failed to state any federal claim upon

which relief might be granted against either Attorney Mullen or

Ransmeier.  Pursuant to 28 U.S.C. § 1367(c), the District Judge

should decline to exercise supplemental jurisdiction over Mrs.

Amatucci's state law claims against those defendants.  The
District Judge should dismiss Mrs. Amatucci's state law claims
against those defendants without prejudice to her ability to
bring those matters in a suit in state court.


### C.    Criminal Conduct

Mrs. Amatucci alleges that the defendants' behavior in this
matter amounts to criminal conduct.  In general, a plaintiff
does not have standing to bring claims of criminal misconduct in
a civil case.  See Linda R.S. v. Richard D., 410 U.S. 614, 619
(1973) ("[A] private citizen lacks a judicially cognizable
interest in the prosecution or nonprosecution of another.").
Accordingly, Mrs. Amatucci has failed to state a claim upon
which relief might be granted based on the alleged criminal
conduct of any defendant.


## III. Judge Laplante

### A.    Ability to Rule

In this matter, the undersigned Magistrate Judge and the
presiding District Judge are called upon to consider claims
asserted against another judge of this Court.  The court has
considered whether, because a colleague is a named defendant,
recusal is appropriate.  It is not.  A fully informed, rational
observer would not have reason to question the court's

8

impartiality in this matter.  See Swan v. Barbadoro, 520 F.3d
24, 26 (1st Cir. 2008) ("patently frivolous claims presented
leave no room for any rational person to imagine that any bias
could underlie" a decision).


B.    Absolute Judicial Immunity

Mrs. Amatucci's claims against Judge Laplante are barred by
the doctrine of absolute judicial immunity.  See Zenon v.
Guzman, 924 F.3d 611, 616 (1st Cir. 2019).  "[W]hen a judge
carries out traditional adjudicatory functions, he or she has
absolute immunity for those actions."  Id.  Absolute judicial
immunity "shield[s] judges even when their actions are
malicious, corrupt, mistaken, or taken in bad faith; its purpose
not to buffer bad judges but for the benefit of the public,
whose interest it is that the judges should be at liberty to
exercise their functions with independence and without fear of
consequences."  Id.  To determine whether a judge is entitled to
absolute judicial immunity, the Court "assesse[s] whether
the judge's act was one normally performed by a judge, and
whether the parties were dealing with the judge in his or her
judicial capacity."  Id. (citing Stump v. Sparkman, 435 U.S.
349, 362 (1978).

It matters not that Mrs. Amatucci has taken pains in this
matter to assert claims against "Joseph Laplante, individually,

as a private person," Doc. No. 1, at 1, based on her belief that Judge Laplante's challenged actions in Case 17-237 were taken without jurisdiction, and thus outside of his judicial capacity. It is the circumstances underlying Mrs. Amatucci's claims against Judge Laplante that determine whether he was acting in his capacity as a judge or in his capacity as a private citizen when engaging in the alleged conduct underlying the claims in this case, notwithstanding Mrs. Amatucci's belief to the contrary or her reference to Judge Laplante as a "private person" in the caption of her complaint.

Mrs. Amatucci's claims against Judge Laplante in this case arise from his rulings and the manner in which he presided over a hearing in Case 17-237.  Mrs. Amatucci claims that Judge Laplante's actions in Case 17-237 were taken outside of his jurisdiction, as they were based on fraudulent and false allegations made by the defendants during the summary judgment proceedings in that matter.  She is mistaken.  Judge Laplante was "carr[ying] out [] traditional adjudicatory function[s]," Zenon, 924 F.3d at 616, when he held a hearing and issued his rulings on the parties' cross motions for summary judgment motion in Case 17-237.  A judge does not lose jurisdiction, and a judge's decisions do not fall outside the scope of adjudicatory actions, even if those decisions are wrong or are made on an improper or corrupt basis.

10

Accordingly, even assuming, for purposes of preliminary review, that Mrs. Amatucci's factual allegations are true, they do not strip Judge Laplante of absolute judicial immunity.  Mrs. Amatucci, therefore, has no recourse against Judge Laplante in this Court with regard to the claims she has asserted against him.

## IV.   Claims for Injunctive Relief (Claim 6)

Mrs. Amatucci has not, in any of her filings in this case, demonstrated that there is any proper basis for this Court to issue the orders listed in Claim 6.  Because Mrs. Amatucci has failed to state any federal claim upon which relief might be granted in this matter, and the District Judge should decline to exercise supplemental jurisdiction over her state law claims, she cannot obtain injunctive relief on any of the claims she has asserted here.  Accordingly, the District Judge should deny Mrs. Amatucci's requests for the orders listed in Claim 6.

## V.   Motions for Summary Judgment

Mrs. Amatucci has filed six motions for summary judgment, two addenda to those motions, and one motion for judgment as a matter of law in this case.  Because the Court finds that the claims upon which Mrs. Amatucci seeks judgment should be dismissed, the District Judge should deny those motions.

## Conclusion

For the foregoing reasons, the District Judge should dismiss this action in its entirety, with prejudice, except that her state law claims should be dismissed without prejudice.  The District Judge should also deny Mrs. Amatucci's motions for summary judgment and for judgment as a matter of law.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'"  Id.  Additionally, any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 1, 2022

cc:  Josephine Amatucci, pro se