FILED - USDC -NH
2022 AUG 2 ᴀᴍ11:03

5759

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Attorney Daniel Mullen,

Joseph Laplante,  Individually,

as a private person,  and

Ransmeier & Spellman                    Case No. 1:21-cv-00237-LM

RESPONSE TO REPORT AND RECOMMENDATION OF 7/1/2022

MOTION FOR SUMMARY JUDGMENT

JUDGEMENT AS A MATTER OF LAW

NO STATUTE OF LIMITATIONS UNDER FRAUDULENT MISREPRESENTATION

FOR  A VOID JUDGMENT

1.      In her  Resport and Recommendation the Magistrate addressed the Plaintiff's

claim of  Legal Malpractice and Fraudulent Misrepresentation against  Mullen,  and Joseph

Laplante,  but she did not litigate these claims on their merits.

2.        Under Fraud there is no res judicata,  no statute of limitations,  as Fraud is

never final.   And where under Fraud Laplant' lost jurisdictiction his   judgments are

automatically void of no legal force, as he was acting as an individual.

3.                            FRAUDULENT MISREPRESENTATION

FRAUD ON/UPON THE COURT

The Fraudulent Misrepresentation claim is based on the Acts of Mullen

and Laplante who together committed fraud on/upon the court when they

fraudulently stated that the Plaintiff was not arrested for speeding, and in doing

so they violated her Constitutional rights for damages under 42 U.S.A. 1983 for

the unlwful seizure , for the arrest and incarceration for speeding, when

speeding is not a crime.

MULLEN ACTING UNDER COLOR OF LAW-UNDER STATE ACTION

FOR A VIABLE CLAIM UNDER 42 U.S.C. 1983

4.      When Laplante conspired with Mullen by committing Fraud on/upon

the Court , Fraudulent Misrepresentation,  this was the sufficient close nexus so

that the action of Mullen can fairly be treated as that of a State or Federal action,

for a Federal claim under..... Color of Law or State Action....under 42 U.S.C.1983

in violation of the Plaintiff's civil Rights, as Color of Law is synonymous with State

Action.

5.      According to the Supreme Court in Edmonson v. Leesville Concrete Co, Inc. 500

U.S.614 (1991) the Court stated:

"Although the conduct of private parties lies beyond the Constituion's
scope in most instances, when government authority dominates an activity to such an    extent
that its participants must be deemed to act with the authority of the govenment              and
as a result, BE SUBJECT TO CONSTITUTIONAL CONSTRAINTS."

6.      Also one may consider that under State Action Mullen misused his power

possessed by virtue of the Town of Wolfeboro, when clothed with the authority of the

Town of Wolfeboro, who is a State entity,  where Laplante intentionally subjected the

Plaintiff to the deprivation of her Constitutional rights.  The direct nexus between the

2

Town and Mullen was that Mullen was defending the Town's actions for an unlawful

arrest, making his actions State actions, for the applicability of a 42 U.S.C.1983 claim.

That the claim was in violation of the Plaintiff's Civil Rights, without Due Process,

without probable cause as speeding is not a crime, and therefore her arrest was unlawful

a violation of the Fourth and Fourteenth Amendment.

7.          When they fraudulently denied she was NOT arrested for speeding, under

Fraud,   when before them in the case files all along was an Affidavit from the former

Police chief  Stuart Chase who stated UNDER OATH that the Plaintiff was indeed arrested

and  incarcerated for the offense of speeding.   Besides the evidence  in Mullen's

Motion for Summary Judgment where Mullen  admitted that the Plaintiff was arrested

for speeding.   That the Plaintiff states that the defendants knew of this evidence

proving that the Plaintiff was arrested for speeding,  yet under Fraud and

Misrepresentation of the facts together they violated her Constitutional rights

when under Fraud she was denied damages for a violation of her Constitutional rights

which is allowed under 1983.

VICARIOUS LIABILITY CLAIM  AGAINST RANSMEIER & SPELLMAN

8.          Mullen's  activities is Ransmeier's  business activity.   Therefore Mullen's

role and function is CONNECTED to the firm in a legal connection,  where  a

Vicarious Liability exists.  A liability for the intentional fraud upon the court,

for his  Fraudulent Misrepresentation when he denied that the Plaintiff was arrested

and incarcerated for speeding,  which led to the denial of her Constitutional right to

sue for damages under 1983,  for an unlawful seizure,  an unlawful arrest,  an unlawful

prosecution for speeding,  when speeding is not a crime.  A prosecution where there

was no probable cause,  and where it was a Clearly Established unlawful seizure where

there was no probable cause.

CLAIM AGAINST JOSEPH LAPLANTE

NO LONGER A JUDGE

9.      When a judge acts intentionally and knowingly to deprive a person of his

constitutional rights he exercises NO DISCRETION OR INDIVDUAL JUDGMENT;  He

acts.......NO LONGER AS A JUDGE.....but as a minister of his own prejudices.   A judge

is liable for injury caused by his ministerial act;    to have immunity the judge must be

performing a judicial act .   See Harper v. James .    There is a presence of malice and the

intention to deprive the Plaintiff of his civil rights which is ......WHOLLY INCOMATIBLE WITH

THE JUDICIAL FUNCTION.   Making a decision contrary to the evidence.  Borgnis v. Falk co.

133 N.W. 209.   Laplante committed Fraudulent Misrepresentation,  he acted "in clear absence

of all jurisdiction"  where he had no power to Act when he knew that the Plaintiff was

arrested for speeding.  Speeding is not a crime in New Hampshire.   And in doing  Laplante's

was acting as an individual and his judgments are void of no legal force,  under Color of Law

when he  violated the  Plaintiff's  civil rights,  where there is NO IMMUNITY.  Where there was

NO PROBABLE CAUSE,  and where it is Clearly Established that an unlawful arrest is a Fourth

Amendment violation,   a Due Process Violation,  and in this case a Monell claim,  and a

violation of the Speedy  Trial Clause.   See Bradley v. Fisher 13 Wall. 335, 80 U.S. 351.

10.      There is no dispute that the defendants Trespassed the Law when they denied

the Plaintiff her Constitutional rights for damages as allowed under 1983.

11.      There is no dispute that they violated Due Process,  when they committed Fraud.
There is no doubt that the defendants committed PERJURY.

12.      See Wahl v. Round Valley Bank, 38 Ariz. 411, 300 P. 955 (1931);  Tube City

Mining & Milling Co. v. Otterson, 16 Ariz. 305, 146 P. 203 (1914) ;  Milliken v. Meyer 311

U.S.457 61 S.Ct. 339, 85 L.Ed.2d 278 (1940) and Long v. Shorebank Development Corp.

182 F.3d 548 (c.A. 7 111. 1999) stating a VOID JUDGMENT is one which was a complete

nullity and without legal effect.   Lubben v. Selective Service System (Mass. 1972)

stating a VOID JUDGMENT is one which from the beginning was WITHOUT LEGAL EFFECT.

And a violation of Due Process.

13.      There is no doubt that Laplante acted without subject matter jurisdiction

without AUTHORITY,  in violation of the Plaintiff's  Civil Rights,  which he did in his

individual status,  where there is no IMMUNITY for Laplante and Mullen,  both acting

under Color of Law,  without probable cause,  in a Clearly established claim of a

Federal Constitutional violation,  where the Plaintiff is allowed damages under 1983.

Where the Law of the Land OVERRIDES any judgment of the State,  courts,  legislature.

Wahl v. Round Valley Bank (1931).

14.      Therfore under JUDGMENT AS A MATTER OF LAW,  the Court will allow the

Plaintiff to go before a jury of her peers for damages of the violation of her Federal

Constitutional rights.   Without further delay in this case.


Respectfully,

Josephine Amatucci

August 1, 2022

c.  Ransmeier & Spellman,  Town of Wolfeboro

*Josephine Amatucci*

From: Josephine Analucci
P.O. Box 272
Wolfeboro Falls, N.H. 03896

MANCHESTER NH 030

01 AUG 2022 PM 2 L

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

03301-394135