FILED - USDC -NH
2022 SEP 2 PM12:20

5765

THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Mullen, Joe Laplante,  Indidvidually

Ransmeier & Spellman                                    21-CV-237-jl

*Attached Without Prelayment Fees Form*

MOTION FOR SUMMARY JUDGMENT

JUDGMENT ON A MATTER OF FEDERAL LAW

A VIOLATION OF THE FOURTH AMENDMENT

A  VOID JUDGMENT

UNDER FRAUDULENT MISREPRESENTATION

1.        This case is before this Court for 5 years,  in an ABUSE ABUSE ABUSE

where the Plaintiff submitted evidence in the form of an Affidavit by the former

 Police  Chief Stuart Chase himself, UNDER OATH,   also where she submitted

defendant Mullen's Summary Judgment  where he admitted she was arrested for

speeding.  And  ALL EXCUPATORY EVIDENCE,  a copy of which is attached that was

before the court at all times.  Therefore,  there is NO DISPUTE that the Plaintiff was

arrested and prosecuted for speeding,  when speeding is not a crime in New Hampshire

and therefore this Court..... will will will.... wthout any further delay allow this case to go

1

before a jury of her peers for damages for her unlawful arrest and PROSECUTION for speeding,  this case is based on a fraudulent summary judgment allowed to Mullen,  and under Fraud,  all judgments are void of no legal force,  and under fraud Laplante lost all jurisdiction in this matter,  therefore his judgments are void of no legal force. Besides,  the Plaintiff was found Not Guilty for speeding,  at the trial by the trial court judge.

2.       This is NOT A STATE LAW CLAIM,  this is NOT UNDER RULE 60,  it was and always will be a claim under the FEDERAL CONSTITUTION of a VIOLATION OF AN UNLAWFUL SEIZURE UNDER THE FOURTH AMENDMENT,  and if it wasn't  for the FRAUDULENT MISREPRESENTATION by the Courts in this case,  this case which is 5 years old should have been settled years ago,  with the exculpatory evidence before the Court at all times.  But what happens is the courts ignore the Federal Constitution as a way to dismis a case with fraudulent misrepresentation.

NO IMMUNITY UNDER A VIOLATION OF CIVIL RIGHTS

3.       There is  no doubt that  the Plaintiff's  lawsuits filed in this case were based on the unawful arrest and prosecution for speeding.  And no doubt that the Plaintiff was suing Laplante individually and not as a judge,  where he has NO IMMUNITY,  where under his fraud,  there is no statute of limitations,  and no res judicata under a violation of the  Federal Civil Right....LAW OF THE LAND,  which overrides any and all opinions of judges and states and the Legislature.

4.       This case was never based on an opinion of a  judge,  as Laplante lost jurisdiction in the matter,  under Fraud,  also this case never named the United States District Court as a defendant.

5.       There is NO DISPUTE,  that  the Plaintiff has a Fourth Amendment

violation claim,  a claim which allows damages under 1983,   and this Judge WITHOUT

FURTHER DELAY,  after 5 years,  must put her claims before a jury of her peers for

damages without delay as no opinion or rulings  OVERRIDES the LAW OF THE LAND for a

meritorious fourth amendment violation.  For a Monell claim and a Speedy Trial offense.

WHEREFORE:    This case will be settled without further delay.  The evidence presented
(attached)  proves without a doubt a violaltion of the Fourth amendment,  of an unlawful arrest
and prosecution,  for speeding,  WITHOUT PROBABLE CAUSE,  a CLEARLY ESTABLISHED RIGHT,
as speeding is NOT A CRIME IN NEW HAMPSHIRE and under 32 U.S.1983 for damages.


Respectfully,

Josephine Amatucci

August 18, 2022

c.   Ransmeier & Spellman, Town of Wolfeboro

*Josephine Amatucci*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.                                              Case No. 21-cv-237-LM

Attorney Daniel Mullen;
Joseph Laplante, individually,
    as a private person; and
Ransmeier & Spellman

## REPORT AND RECOMMENDATION

Plaintiff Josephine Amatucci, proceeding pro se and in
forma pauperis, has filed a complaint (Doc. No. 1/#5245 #5239
#5119[1]) and a number of filings which the Court construes as
complaint addenda (Doc. Nos. 5/#5398, 6/#5398, 7/#5386, 8/#5419,
9/#5430, 10/#5435, 15/#5579, 16/#5585, 18/#5630), alleging that
the defendants have violated her rights under state and federal
law. Also before the Court are Mrs. Amatucci's motions for
summary judgment and judgment as a matter of law (Doc. Nos.
12/#5556, 13/#5559, 14/#5556, 17/#5639, 19/#5642, 20/#5677,
21/#5701, 22/#5724, 23/#5726).

The complaint and complaint addenda are before the
undersigned Magistrate Judge for preliminary review pursuant to

---

[1] As a courtesy to Mrs. Amatucci, the Court includes the
four-digit number she has given to her filings along with the
docket number assigned to each filing by the Court.



*JUDGE NEVER MENTIONED ARREST & PROSECUTION FOR SPEECH &*

Amatucci also filed multiple post-judgment motions in Case 17-*Speech*

237, all of which were denied.

*MISREPRESENTATION OF THE UNLAWFUL ARREST FOR Speech*

*This is All ABOUT The OFFENSE OF DISOBEYING A Police OFFICER*

*The UNLAWFUL ARREST & PROSECUTION WAS NEVER MENTIONED FO*

In this action, Mrs. Amatucci asserts the following **claims**: *Speech*

1.    Attorney Mullen and Judge Laplante conspired with one
another, in Case 17-237, to commit fraud, to grant the
defendants' motion for summary judgment, and to violate
Mrs. Amatucci's civil rights, to deny Mrs. Amatucci damages
in that case, when Judge Laplante and Attorney Mullen knew
or should have known that the defendants' summary judgment
motion relied on false information.

*FRAUD*

*FRAUD*

*OF UPON/IN*

*COURT*

2.    Judge Laplante's actions in Case 17-237 violated
Judicial Canons.

3.    Judge Laplante improperly failed to recuse himself in
Case 17-237.

4.    Judge Laplante's and Attorney Mullen's conduct in Case
17-237 violated federal and state law, as that conduct
amounted to: fraud, legal malpractice, abuse of process,
corruption, federal criminal conduct, and interference with
interstate commerce.

5.    Mrs. Amatucci is entitled to injunctive relief, as
follows:

        a.    An Order directing the Town of Wolfeboro to
        vacate Mrs. Amatucci's June 2015 state court
        conviction for disobeying a police officer, which was
        prosecuted by Timothy Morgan, a Wolfeboro employee and
        policymaker for the Town, rendering the Town liable
        for Mrs. Amatucci's improper conviction under Monell
        v. Dep't of Soc. Servs., 436 U.S. 658 (1978);

        b.    An Order directing the New Hampshire Circuit
        Court and/or New Hampshire Circuit Court Judge Patten
        to vacate Mrs. Amatucci's June 2015 state court
        conviction for disobeying a police officer;

        c.    An Order directing the New Hampshire Department

2 F

itself.  When Mullen presented charges to Laplante in his summary judgment that

he and Laplante knew were VOIDED  charges,  that had  NO LEGAL FORCE, yet Laplante

still allowed Mullen his summary judgment for these voided charges,  and in doing

so Laplante lost all  JURISDICTION in the case.  He acted  without jurisdiction,  as a person,

not as a judge,  and in doing so he injured the Plaintiff,  by denying her damages due

her under 1983 for two Fourth Amendment unlawful seizures.

19.        As Mullen and Laplante BOTH had the egregious INTENT to deny the

Plaintiff her summary judgment,  by denying that she was ARRESTED for

speeding,  when they knew she was arrested for speeding,  as Mullen himself

admitted and stated  in his Motion for Summary Judgment which was before Laplante,

for ruling,  when he stated that the Plaintiff was indeed ARRESTED FOR SPEEDING,

besides all the other evidence that she was arrested for speeding that was before

Laplante for ruling.

20.        And in ruling when he had no jurisdiction to do so  Laplante denied the

Plaintiff her damages for two  Fourth Amendment unlawful seizures,  for the unlawful

arrest and detention for speeding,  and for the unlawful long detention before a

trial was held under a violation of the Sixth Amendment,  Speedy Trial clause.  Where

in the case of Zedner  v. United States,  the Supreme Court ruled that criminal defendants be

brought to trial within 70 days of being charged.  No more than nine months is required

for pretrial delay or the delay will be considered prejudicial.  Panzera 139 N.H. at

239, 652, A.2d at 138.  Where Laplante FRAUDULENTLY stated that because she was

never arrested for speeding,  and because the police had PROBABLE CAUSE to ........

STOP, STOP, STOP her for speeding......  (not stating the "arrest"  for speeding)

but for the " STOP"  for speeding.  And under probable cause to  STOP her,

8

1/27/17

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci,
Plaintiff,

v.

James O'Brien, et al,
Defendants.

Case No.:        15-CV-00356-JL        V0 29

NOW CASE 00-237
DID A VOLUNTARY DISMISSAL

## DEFENDANT CHASE'S OBJECTION
## TO PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC 149) OF
## JUDGE LAPLANTE'S ORDER (DOC 147) BASED ON THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION (DOC 142)

Defendant Chase, through counsel, objects to plaintiff's Motion for Reconsideration (Doc

149) for the following reasons:

The plaintiff's Motion for Reconsideration is based on the premise that Judge Laplante

misunderstood plaintiff's proposed claim regarding alleged malicious prosecution. There is no

evidence the Judge misunderstood anything or that the claimed misunderstanding would have

mattered. Rather, he approved the Magistrate Judge's Report and Recommendation (Doc 142)

which lays out the bases in detail for denying plaintiff's proposed amendment as futile.

The plaintiff's Motion for Reconsideration also falsely argues that Judge Patten, in the

criminal case against her, found no probable cause. On the contrary, there is no place in that

Judge's order where he finds "no probable cause" expressly or impliedly. Ms. Amatucci was

charged with speeding and failure to obey an officer. The judge in that case specifically found

that Ms. Amatucci was driving 42 mph in a 30 mph zone and found that she failed to stop for

police pursuing her for about four miles. See Defendants' Motion for Judgment on the Pleadings

and exhibits to that motion. Thus, there was probable cause for her arrest and prosecution on

The JUDGE LAPLANTE is TRYING TO 1° SAY MY ARREST WAS ONLY
For My DISOBPOINT OFFENSE. THIS PROVES OTHERWISE.

both speeding and failure to obey.[1] The trial judge found that Ms. Amatucci was not guilty of speeding (even though she exceeded the speed limit by 12 mph) solely because the prosecutor failed to introduce evidence of road conditions that day. That does not mean that there was no probable cause for the arrest or the prosecution.

The prosecutor's failure to put in such evidence, or even Ms. Amatucci's success in beating the speeding violation, does not retroactively create lack of probable cause for the arrest and prosecution. In fact, the trial court found (and Ms. Amatucci is bound by collateral estoppel on that point), that she exceeded the speed limit by 12 mph. Moreover, the trial judge found that she failed to obey police officers pursuing her for almost four miles and that she was guilty of the crime she was charged with, failing to obey. Thus, the trial court's findings clearly establish the opposite of what Ms. Amatucci now argues. The trial judge's rulings, contrary to Ms. Amatucci's arguments, show there was, in fact, probable cause.

Moreover, as argued in defendant's original objection (doc 137), this proposed claim is barred both by res judicata and collateral estoppel for all the reasons argued in defendants' Motion for Judgment on the Pleadings (Doc 132).

While Judge Laplante has not yet ruled on the Magistrate Judge's Report and Recommendation (Doc 144), the Magistrate Judge's Report and Recommendation has proposed that the Court dismiss all plaintiff's claims against Chief Chase because those claims are barred by res judicata. The proposed malicious prosecution claim (whether under common law or as a Section 1983 claim) also would be barred by res judicata as it arises out of the same transaction or occurrence as the prior case, and thus, the proposed amendment would be futile. The claim,

---

[1] If Ms. Amatucci had not refused to stop, it is doubtful, however, that she ever would have been arrested for speeding alone.

Case 1:21-cv-00237-LM   Document 32   Filed 09/02/22   Page 9 of 37

additionally, would be barred by collateral estoppel (even though the Magistrate Judge never had to reach collateral estoppel).

Wherefore, for all of the above reasons, Defendant Chase requests that:

(A)    The Court deny plaintiff's Motion for Reconsideration; and

(b)    Grant such additional relief as is just and proper to the defendants.

                                        Respectfully submitted,

                                        James O'Brien

                                        By His Attorneys,

                                        Ransmeier & Spellman
                                        Professional Corporation

Dated: January 27, 2017                 By:    /s/ Garry R. Lane
                                               Garry R. Lane (NHBA #2855)
                                               One Capitol Street
                                               P.O. Box 600
                                               Concord, NH 03302-0600
                                               Tel. (603) 228-0477

## CERTIFICATE OF SERVICE

I hereby certify that this Objection has been served this day via ECF on counsel of record, and on Mrs. Amatucci by conventional mail, at Josephine Amatucci, PO Box 272, Wolfeboro Falls, NH 03896.

Dated: January 27, 2017                 By:    /s/ Garry R. Lane
                                               Garry R. Lane

4819-9715-8464, v. 1



MOTIONS SUMMARY JUDGMENT

per hour zone, is prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

Given that Officer Emerson's radar unit showed that Amatucci was exceeding the posted speed limit by 12 miles per hour, he had probable cause to stop her.

The fact that Amatucci was later acquitted of the charge of speeding because the Court determined that she was not traveling at a speed that was unreasonable and imprudent for the conditions existing has no bearing on whether or not there was probable cause. The fact that she exceeded the posted speed limit is enough to provide a reasonable officer with reason to charge Amatucci with speeding.

Accordingly, Officer Emerson is entitled to qualified immunity.

Former Chief Chase did not participate at all in the arrest for speeding. Former Chief Chase came upon the scene after Amatucci had been arrested by Officer Emerson and charged with the offense of speeding and with the offense of disobeying a police officer. He did not participate in the arrest of Amatucci, nor did he participate in the prosecution. He did not provide any instructions or guidance to Officer Emerson relative to his pursuit of Amatucci and the subsequent prosecution for speeding.

Accordingly, because there are no facts provided by Amatucci that showed former Chief Chase participating in the arrest, he is not liable at all for the claims asserted by her. The fact that he showed up at the scene after the fact does not mean that he had anything to do with the arrest. Moreover, because she had

10

speed was unreasonable for the conditions and therefore, under NH statute, the state had failed to prove she was speeding. However, the court also found that she had an obligation to stop for the police, that she failed to do so for over 4 miles and that she was, therefore, guilty of failing to stop for the police. Admitted that plaintiff was validly arrested and prosecuted for speeding and failure to stop. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of whether the plaintiff was truly headed to the sheriff's office for any purpose, but it would not have mattered to them, and therefore deny those allegations. Defendants deny all the remaining allegations of paragraph 9. Also see the response, above, to Paragraph 7. Defendant O'Brien further specifically denies all the allegations against him. His involvement in this matter, contrary to the plaintiff's false and groundless allegations, was extremely limited. Mr. O'Brien responded, as he was legally required to do, to a call from police dispatch that Ms. Amatucci was causing a disturbance at the Town offices. By the time Ofc. O'Brien arrived at the Town offices, Ms. Amatucci had already left. Mr. O'Brien's sole involvement after that was to make a radio call back to police dispatch confirming that Ms. Amatucci was no longer at Town Hall. O'Brien did not make a phone call to Ofc. Emerson, did not call the Sheriff's Department and did not request anyone to chase or stop or arrest Ms. Amatucci. He was not in any way involved in the pursuit of Ms. Amatucci and was not present when she was pursued, stopped or arrested. After Ms. Amatucci was arrested and taken away, Officer O'Brien went to the location of Ms. Amatucci's car to relieve Chief Chase so that Chief Chase did not have to wait for the tow truck to arrive. As to the statement in the police log about Ofc. Emerson trying to stop "her," that was not a quote of Ofc. Emerson's police call to dispatch, but rather a confusion in the log prepared by the dispatcher, William Riley, of Emerson's statement that he was turning around to chase a speeding car (which he did not know was Ms. Amatucci). Officer

*This verifies my ENTIRE Fourth Amendment*
*CLAIM — I WAS UNLAWFULLY ARRESTED*
*For SPEEDING.*

of action, a way to reopen the case under 1194 and any and all actions by Laplante and Attorney Mullen which occurred at a hearing for summary judgment in December 2018, This new cause of action , is filed with a different TITLE other than the TITLE that Judge McCafferty was placing on this case and in her refusal to to correct the title of the defendants in the 1194 case, from her TITLE of Amatucci v. US District Court-NH, District Judge.....to the Plaintiff's CORRECT TITLE of Amatucci v. Joseph Laplante, individually. However, in this new cause of action the the Plaintiff is consolidating her lawsuit against Attorney Daniel Mullen, with her lawsuit against Joseph Laplante, and the new TITLE is as above Josephine Amatucci v. Joseph Laplante and Attorney Daniel Mullen, and Ransmeier & Spellman.

5. The claims, and allegations in both cases, are identical, and have not changed in this new cause of action. Identical with Mullen and Laplante when they both conspired to deny her arrest for speeding, and when they both conspired to allow Mullen a summary judgment that was based on ..........FRAUD ON/UPON THE COURT, occurred at a hearing for cross summary judgments on Decmber 24, 2018 in the U.S. District Court.

### DAMAGES

6. In this new cause of action this Court MUST allow her MANDATORY DAMAGES, based on the FRAUD ON/UPON THE COURT by Mullen and Laplante. And that I may say in a continuous course of action that is occurring in this United States District Court and all other courts, stated district and superior courts.

(a) Is....... MANDATED.....to REVERSE and/or DISMISS the unlawful Conviction for the DISOBEYING A POLICE OFFICER charge, which was unlawfully allowed by the 3rd Circuit District Court judge Patten, where his rulings were VOID of no legal force, when the        trial was held beyond the 70-90 days limitation period allowed to hold a trial under the Sixth Amendment. In violation of the Speedy Trial Clause, not to detain a person longer than the 70-90 day time limit, in awaiting a trial. When a trial for the police charges of speeding and disobeying a police officer was not held until one year and three weeks after her bine formerlly charged which was on May 7, 2014, and because a trial was not held until        June 25,

2

5245   5239 5119

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW HAMPSHRE

Josephine Amatucci

v.

Attorney Daniel Mullen

and Joseph Laplante, individually

Ransmeier & Spellman

*Docket 21-FS. 237*

JURY TRIAL DEMANDED

### JURISDICTION

This new cause of action happened in New Hampshire.  The Complaint that is before the Court is under 42 U.S.C. 1983

### PARTIES

1.   Josephine Amatucci, P.O. Box 272, Wolfeboro Falls, NH 03896

2.   Attorney Daniel J. Mullen, INDIVIDUALLY and Ransmeier & Spellman,

OFFICIALLY ...1 Capitol St. Ste 1,  Concord N.H. 03301.

3.   Joseph Laplante,  sued INDIVIDUALLY, 55 Pleasant Street,

Room 110, Concord, N.H. 03301.

### RELEVANT FACTS

4.   This is a consolidation of two cases that are before the Court,  the

Plaintiff was forced to VOLUNTARY DISMISS docket 20-cv-1194 and  this is a new cause

1  

of process when they fraudulently convinced the Court to deny the Plaintiff's summary judgment stating her claim of a Malicious Prosecution does not stand as she was never arrested, for speeding, which was required for such a claim. When in fact the defendants knew all along that she was arrested for speeding. And she is suing for damages as because of the fraud, the Court denied her summary judgment based on the fact stated by the defendants that she had no claim of malicious prosecution, when she was not held in legal custody or detainment of her liberty. That the Sixth Amendment declared the charges invalid.

5.      That even though the underlying cause of action for their motion for summary judgment was valid, the defendants also used the summry judgment to achieve another purpose in an abuse of process when they fraudulently convinced the Court to deny the Plaintiff's motion for summary judgment by wrongly stating to the court that the Plaintiff did not have a maicious prosecution claim, as she was not arrrested for speeding, which is required for a claim of a malicious prosecuiotn, an ulterior motive to have the court allow their summary judgment, and deny hers.

6.      A wrong committed during the course of litigation to gain an unfair and advantage over the Plaintiff. To obstruct the just disposal of her proceedings. In bad faith with no genuine belief in its merits, but an ulterior motive.

7.      That there was no genuine belief in the merits as the defendants knew that she was indeed arrested for speeding. As in the record there are several documents where the defendants themselves, and an Affidavit by defendant Stuart chase himself, stating that the Plaintiff was arrested for speeding. Therefore they knew they had no probable cause or a legal action to have the Court deny her malicious prosecution claim based on the wrongful action of having the Court deny her motion for summary judgment. In an

2 A

FILED - USDC -NH
2022 AUG 8 AM11:35

5765

FILED - USDC -NH
2022 SEP 2 PM12:21

## THE UNITED STATES DISTRICT COURT

### DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Mullen, Joe Laplante, Indidvidually

Ransmeier & Spellman                    1:17-cv-237-JL  $1:22-00102$  OR

## MOTION FOR SUMMARY JUDGMENT

### JUDGMENT ON A MATTER OF FEDERAL LAW

A VIOLATION OF THE FOURTH AMENDMENT (no res judicata, no immunity)
*UNLAWFUL ARREST FOR SPEEDING AND UNLAWFUL PROSECUTION*
*FOR SPEEDING*        A VOID JUDGMENT- (never is final, no statute of *LIMITATIONS*)
limitations)

### UNDER FRAUDULENT MISREPRESENTATION

1.      This case is before this Court for 5 years, in an ABUSE ABUSE ABUSE

where the Plaintiff submitted evidence in the form of an Affidavit by the former

Police Chief Stuart Chase himself, UNDER OATH,  also where she submitted

defendant Mullen's Summary Judgment where he admitted she was arrested for

speeding. And ALL EXCUPATORY EVIDENCE, a copy of which is attached that was

before the court at all times. Therefore,  there is NO DISPUTE that the Plaintiff was

arrested and prosecuted for speeding,  when speeding is not a crime in New Hampshire

and therefore this Court..... will will will.... wthout any further delay allow this case to go

1

2015, the trial was held in violation of the law, and the Judge had                NO
JURISDICTION to rule and CONVICT her for the disobeying a police charge, and therefore
..........IT IS MANDATED ......that this Court reverse and dismiss the CONVICTION. And also
Laplante also lacked JURISDICTION to rule on Mullen's FRAUDULENT summary judgment which
was based on VOID CHARGES, that did not exist and therefore there was          no ruling
allowing probable cause for the police charges, if the charges did not exist. That the charges
were automatically dismissed, voided under the Sixth amendment after the alloted 70-90 days
to hold a trial. THE DISMISSAL AND REVERSAL OF THE CONVICTION IS ...............MANDATORY
UNDER THE LAW.

b     t s    MANDATORY that this Court allow her a jury trial for damages on her claims of
1 Fourth Amendment violations, for her unlawful arrest for speeding, where Speeding is not
a crime in New Hampshire, and there can be no probable cause to arrest, and a claim for her
unlawful long detention before a trial was held on the speeding charge, a violation of the Sixth
Amendment Speedy Trial Clause, where under the law the police had to hold a trial no longer
than 70-90 days after formally charging her. And where she was formally charged and arrested
on May 7, 2014 and a trial was not held until one year and 3 weeks after she was formerly
charged which was on June 25, 2015. That the trial was held in violation of the Speedy Trial
Clause, where the charges were automatically dismissed, and are VOID OF NO LEGAL FORCE.
And where any rulings by the 3rd Circuit  District Court judge Patten  were automatically VOID
OF NO LEGAL FORCE. It is to be noted that Judge Patten found the Plaintiff NOT GUILTY at the
trial and ALSO found that the police pursuit was a set-up and that she was NEVER SPEEDING.
Therefore it is MANDATORY ....that this Court allow her a jury trial for damages. For the
violation of her Civil rights under 1983.

(c)     It is ........MANDATORY that this court allow her damages under a Monell claim, due
to the fact that the violation of the Plaintiff's Civil Rights were DIRECTLY CAUSED by the Town
prosecutor Timothy Morgan, a policymaking official, where the Town is officially liable for
damages under a MONELL CLAIM  See the case of Pembaurer v. City of Cincinnati where the
UNITED STATES SUPREME COURT stated that when a PROSECUTOR violates a persons Civil
Rights the town is liable for damages;

(d)     And where the charge of disobeying a police officer was DISMISSED and VOIDED under
the Sixth Amendment this Court is .........MANDATED to contact the Department of Safety to
remove this charge from her CRIMINAL HISTORY RECORD which never should have been put
there in the first place if it wasn't from the FRAUD ON/UPON THE COURT.

(e)     That this Court VOID the defendants Motion for Summary Judgment.

## RELEVANT FACTS

7.     This new cause of action contains the exact litigation that was in the

3

*1/27/17*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci,
        Plaintiff,

v.                                            Case No.:     15-CV-00356-JL   *void*

James O'Brien, et al,                *NOW CASE 00-237*
        Defendants.                  *DID A VOLUNTARY DISMISSAL*

### DEFENDANT CHASE'S OBJECTION
### TO PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC 149) OF
### JUDGE LAPLANTE'S ORDER (DOC 147) BASED ON THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION (DOC 142)

Defendant Chase, through counsel, objects to plaintiff's Motion for Reconsideration (Doc 149) for the following reasons:

The plaintiff's Motion for Reconsideration is based on the premise that Judge Laplante misunderstood plaintiff's proposed claim regarding alleged malicious prosecution. There is no evidence the Judge misunderstood anything or that the claimed misunderstanding would have mattered. Rather, he approved the Magistrate Judge's Report and Recommendation (Doc 142) which lays out the bases in detail for denying plaintiff's proposed amendment as futile.

The plaintiff's Motion for Reconsideration also falsely argues that Judge Patten, in the criminal case against her, found no probable cause. On the contrary, there is no place in that Judge's order where he finds "no probable cause" expressly or impliedly. Ms. Amatucci was charged with speeding and failure to obey an officer. The judge in that case specifically found that Ms. Amatucci was driving 42 mph in a 30 mph zone and found that she failed to stop for police pursuing her for about four miles. See Defendants' Motion for Judgment on the Pleadings and exhibits to that motion. Thus, there was probable cause for her arrest and prosecution on

*The Judge Laplante is Trying to say my arrest was only*
*for the disobeying offense. This proves otherwise.*

*over*

both speeding and failure to obey.[1] The trial judge found that Ms. Amatucci was not guilty of speeding (even though she exceeded the speed limit by 12 mph) solely because the prosecutor failed to introduce evidence of road conditions that day. That does not mean that there was no probable cause for the arrest or the prosecution.

The prosecutor's failure to put in such evidence, or even Ms. Amatucci's success in beating the speeding violation, does not retroactively create lack of probable cause for the arrest and prosecution. In fact, the trial court found (and Ms. Amatucci is bound by collateral estoppel on that point), that she exceeded the speed limit by 12 mph. Moreover, the trial judge found that she failed to obey police officers pursuing her for almost four miles and that she was guilty of the crime she was charged with, failing to obey. Thus, the trial court's findings clearly establish the opposite of what Ms. Amatucci now argues. The trial judge's rulings, contrary to Ms. Amatucci's arguments, show there was, in fact, probable cause.

Moreover, as argued in defendant's original objection (doc 137), this proposed claim is barred both by res judicata and collateral estoppel for all the reasons argued in defendants' Motion for Judgment on the Pleadings (Doc 132).

While Judge Laplante has not yet ruled on the Magistrate Judge's Report and Recommendation (Doc 144), the Magistrate Judge's Report and Recommendation has proposed that the Court dismiss all plaintiff's claims against Chief Chase because those claims are barred by res judicata. The proposed malicious prosecution claim (whether under common law or as a Section 1983 claim) also would be barred by res judicata as it arises out of the same transaction or occurrence as the prior case, and thus, the proposed amendment would be futile. The claim,

---

[1] If Ms. Amatucci had not refused to stop, it is doubtful, however, that she ever would have been arrested for speeding alone.

2

additionally, would be barred by collateral estoppel (even though the Magistrate Judge never had to reach collateral estoppel).

Wherefore, for all of the above reasons, Defendant Chase requests that:

(A)    The Court deny plaintiff's Motion for Reconsideration; and

(b)    Grant such additional relief as is just and proper to the defendants.

Respectfully submitted,

James O'Brien

By His Attorneys,

Ransmeier & Spellman
Professional Corporation

Dated: January 27, 2017          By:    /s/ *Garry R. Lane*
                                          Garry R. Lane (NHBA #2855)
                                          One Capitol Street
                                          P.O. Box 600
                                          Concord, NH  03302-0600
                                          Tel. (603) 228-0477

## CERTIFICATE OF SERVICE

I hereby certify that this Objection has been served this day via ECF on counsel of record, and on Mrs. Amatucci by conventional mail, at Josephine Amatucci, PO Box 272, Wolfeboro Falls, NH 03896.

Dated: January 27, 2017          By:    /s/ *Garry R. Lane*
                                          Garry R. Lane

4819-9715-8464, v. 1

*Mullen's Summary Judgment*

per hour zone, is prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

Given that Officer Emerson's radar unit showed that Amatucci was exceeding the posted speed limit by 12 miles per hour, he had probable cause to stop her.

The fact that Amatucci was later acquitted of the charge of speeding because the Court determined that she was not traveling at a speed that was unreasonable and imprudent for the conditions existing has no bearing on whether or not there was probable cause. The fact that she exceeded the posted speed limit is enough to provide a reasonable officer with reason to charge Amatucci with speeding.

*Not Enough* · *Good Faith*

Accordingly, Officer Emerson is entitled to qualified immunity.

Former Chief Chase did not participate at all in the arrest for speeding. *Bingo*

Former Chief Chase came upon the scene after Amatucci had been arrested by Officer Emerson and charged with the offense of speeding and with the offense of disobeying a police officer. He did not participate in the arrest of Amatucci, nor did he participate in the prosecution. He did not provide any instructions or guidance to Officer Emerson relative to his pursuit of Amatucci and the subsequent prosecution for speeding.

Accordingly, because there are no facts provided by Amatucci that showed former Chief Chase participating in the arrest, he is not liable at all for the claims asserted by her. The fact that he showed up at the scene after the fact does not mean that he had anything to do with the arrest. Moreover, because she had

14

2015, the trial was held in violation of the law, and the Judge had            NO JURISDICTION to rule and CONVICT her for the disobeying a police charge, and therefore ..........IT IS MANDATED ......that this Court reverse and dismiss the CONVICTION. And also Laplante also lacked JURISDICTION to rule on Mullen's FRAUDULENT summary judgment which was based on VOID CHARGES, that did not exist and therefore there was       no ruling allowing probable cause for the police charges, if the charges did not exist. That the charges were automatically dismissed, voided under the Sixth amendment after the alloted 70-90 days to hold a trial. THE DISMISSAL AND REVERSAL OF THE CONVICTION IS ...............MANDATORY UNDER THE LAW.

(b)    It is ........MANDATORY that this Court allow her a jury trial for damages on her claims of 2 Fourth Amendment violations, for her unlawful arrest for speeding, where Speeding is not a crime in New Hampshire, and there can be no probable cause to arrest, and a claim for her unlawful long detention before a trial was held on the speeding charge, a violation of the Sixth Amendment Speedy Trial Clause, where under the law the police had to hold a trial no longer than 70-90 days after formally charging her. And where she was formally charged and arrested on May 7, 2014 and a trial was not held until one year and 3 weeks after she was formerly charged which was on June 25, 2015. That the trial was held in violation of the Speedy Trial Clause, where the charges were automatically dismissed, and are VOID OF NO LEGAL FORCE. And where any rulings by the 3rd Circuit District Court judge Patten were automatically VOID OF NO LEGAL FORCE. It is to be noted that Judge Patten found the Plaintiff NOT GUILTY at the trial and ALSO found that the police pursuit was a set-up and that she was NEVER SPEEDING. Therefore it is MANDATORY ....that this Court allow her a jury trial for damages. For the violation of her Civil rights under 1983.

(c)      It is ........MANDATORY that this court allow her damages under a Monell claim, due to the fact that the violation of the Plaintiff's Civil Rights were DIRECTLY CAUSED by the Town prosecutor Timothy Morgan, a policymaking official, where the Town is officially liable for damages under a MONELL CLAIM See the case of Pembaurer v. City of Cincinnati where the UNITED STATES SUPREME COURT stated that when a PROSECUTOR violates a persons Civil Rights the town is liable for damages;

(d)      And where the charge of disobeying a police officer was DISMISSED and VOIDED under the Sixth Amendment this Court is .........MANDATED to contact the Department of Safety to remove this charge from her CRIMINAL HISTORY RECORD which never should have been put there in the first place if it wasn't from the FRAUD ON/UPON THE COURT.

(e)      That this Court VOID the defendants Motion for Summary Judgment.

## RELEVANT FACTS

7.     This new cause of action contains the exact litigation that was in the

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Josephine Amatucci

v.                                          Case No. 21-cv-237-LM

Attorney Daniel Mullen;
Joseph Laplante, individually,
    as a private person; and
Ransmeier & Spellman

#### REPORT AND RECOMMENDATION

Plaintiff Josephine Amatucci, proceeding pro se and in
forma pauperis, has filed a complaint (Doc. No. 1/#5245 #5239
#5119[1]) and a number of filings which the Court construes as
complaint addenda (Doc. Nos. 5/#5398, 6/#5398, 7/#5386, 8/#5419,
9/#5430, 10/#5435, 15/#5579, 16/#5585, 18/#5630), alleging that
the defendants have violated her rights under state and federal
law. Also before the Court are Mrs. Amatucci's motions for
summary judgment and judgment as a matter of law (Doc. Nos.
12/#5556, 13/#5559, 14/#5556, 17/#5639, 19/#5642, 20/#5677,
21/#5701, 22/#5724, 23/#5726).

The complaint and complaint addenda are before the
undersigned Magistrate Judge for preliminary review pursuant to

---

[1] As a courtesy to Mrs. Amatucci, the Court includes the
four-digit number she has given to her filings along with the
docket number assigned to each filing by the Court.

*Judge Never Mentioned Arrest & Prosecution For Speeding & Speeding*

Amatucci also filed multiple post-judgment motions in Case 17-237, all of which were denied.

*Misrepresentation of the Unlawful Arrest For Speeding*

*This is All About The Offense Of Disobeying A Police Officer*

### Claims

*The Unlawful Arrest & Prosecution Was Never Mentioned For Speeding*

In this action, Mrs. Amatucci asserts the following claims:

1.   Attorney Mullen and Judge Laplante conspired with one another, in Case 17-237, to commit fraud, to grant the defendants' motion for summary judgment, and to violate Mrs. Amatucci's civil rights, to deny Mrs. Amatucci damages in that case, when Judge Laplante and Attorney Mullen knew or should have known that the defendants' summary judgment motion relied on false information.

*Fraud*

*Fraud Upon The Court*

2.   Judge Laplante's actions in Case 17-237 violated Judicial Canons.

3.   Judge Laplante improperly failed to recuse himself in Case 17-237.

4.   Judge Laplante's and Attorney Mullen's conduct in Case 17-237 violated federal and state law, as that conduct amounted to: fraud, legal malpractice, abuse of process, corruption, federal criminal conduct, and interference with interstate commerce.

5.   Mrs. Amatucci is entitled to injunctive relief, as follows:

    a.   An Order directing the Town of Wolfeboro to vacate Mrs. Amatucci's June 2015 state court conviction for disobeying a police officer, which was prosecuted by Timothy Morgan, a Wolfeboro employee and policymaker for the Town, rendering the Town liable for Mrs. Amatucci's improper conviction under <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978);

    b.   An Order directing the New Hampshire Circuit Court and/or New Hampshire Circuit Court Judge Patten to vacate Mrs. Amatucci's June 2015 state court conviction for disobeying a police officer;

    c.   An Order directing the New Hampshire Department



of Safety to remove Mrs. Amatucci's June 2015
conviction for disobeying a police officer from her
criminal record;

d.    An Order directing the New Hampshire Superior
Court and/or New Hampshire Superior Court Judge
Ignatious to vacate Judge Ignatious's Order declaring
Mrs. Amatucci to be a vexatious litigant under state
law; and

e.    An Order directing Judge Laplante, or another
judge, to vacate the judgment against Mrs. Amatucci in
Case 17-237, because Judge Laplante's ruling granting
the defendants' motion for summary judgment in Case
17-237 relied on false factual assertions, and
therefore was made in excess of Judge Laplante's
jurisdiction, as Judge Laplante's jurisdiction does
not extend to making decisions which are based on
false factual assertions.

## Discussion

### I.    Conspiracy (Claim 1)

Mrs. Amatucci has alleged that Attorney Mullen conspired

with Judge Laplante to violate her civil rights, to the extent

they conspired to grant Attorney Mullen's motion for summary

judgment.  A claim alleging a conspiracy to violate an

individual's civil rights arises under 42 U.S.C. § 1985(2).  A

conspiracy to violate civil rights is

commonly defined [as] "a combination of two or more
persons acting in concert to commit an unlawful act,
or to commit a lawful act by unlawful means, the
principal element of which is an agreement between the
parties to inflict a wrong against or injury upon
another, and an overt act that results in damages."

5

itself. When Mullen presented charges to Laplante in his summary judgment that he and Laplante knew were VOIDED charges, that had NO LEGAL FORCE, yet Laplante still allowed Mullen his summary judgment for these voided charges, and in doing so Laplante lost all JURISDICTION in the case. He acted without jurisdiction, as a person, not as a judge, and in doing so he injured the Plaintiff, by denying her damages due her under 1983 for two Fourth Amendment unlawful seizures.

19.        As Mullen and Laplante BOTH had the egregious INTENT to deny the Plaintiff her summary judgment, by denying that she was ARRESTED for speeding, when they knew she was arrested for speeding, as Mullen himself admitted and stated in his Motion for Summary Judgment which was before Laplante, for ruling, when he stated that the Plaintiff was indeed ARRESTED FOR SPEEDING, besides all the other evidence that she was arrested for speeding that was before Laplante for ruling.

20.        And in ruling when he had no jurisdiction to do so Laplante denied the Plaintiff her damages for two Fourth Amendment unlawful seizures, for the unlawful arrest and detention for speeding, and for the unlawful long detention before a trial was held under a violation of the Sixth Amendment, Speedy Trial clause. Where in the case of Zedner v. United States, the Supreme Court ruled that criminal defendants be brought to trial within 70 days of being charged. No more than nine months is required for pretrial delay or the delay will be considered prejudicial. Panzera 139 N.H. at 239, 652, A.2d at 138. Where Laplante FRAUDULENTLY stated that because she was never arrested for speeding, and because the police had PROBABLE CAUSE to ........ STOP, STOP, STOP her for speeding...... (not stating the "arrest" for speeding) but for the " STOP" for speeding. And under probable cause to STOP her,

8

speed was unreasonable for the conditions and therefore, under NH statute, the state had failed to prove she was speeding. However, the court also found that she had an obligation to stop for the police, that she failed to do so for over 4 miles and that she was, therefore, guilty of failing to stop for the police. Admitted that plaintiff was validly arrested and prosecuted for speeding and failure to stop. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of whether the plaintiff was truly headed to the sheriff's office for any purpose, but it would not have mattered to them, and therefore deny those allegations. Defendants deny all the remaining allegations of paragraph 9. Also see the response, above, to Paragraph 7. Defendant O'Brien further specifically denies all the allegations against him. His involvement in this matter, contrary to the plaintiff's false and groundless allegations, was extremely limited. Mr. O'Brien responded, as he was legally required to do, to a call from police dispatch that Ms. Amatucci was causing a disturbance at the Town offices. By the time Ofc. O'Brien arrived at the Town offices, Ms. Amatucci had already left. Mr. O'Brien's sole involvement after that was to make a radio call back to police dispatch confirming that Ms. Amatucci was no longer at Town Hall. O'Brien did not make a phone call to Ofc. Emerson, did not call the Sheriff's Department and did not request anyone to chase or stop or arrest Ms. Amatucci. He was not in any way involved in the pursuit of Ms. Amatucci and was not present when she was pursued, stopped or arrested. After Ms. Amatucci was arrested and taken away, Officer O'Brien went to the location of Ms. Amatucci's car to relieve Chief Chase so that Chief Chase did not have to wait for the tow truck to arrive. As to the statement in the police log about Ofc. Emerson trying to stop "her," that was not a quote of Ofc. Emerson's police call to dispatch, but rather a conflation in the log prepared by the dispatcher, William Riley, of Emerson's statement that he was turning around to chase a speeding car (which he did not know was Ms. Amatucci), Officer

*[Handwritten annotation in right margin:]* AND

*[Handwritten text at bottom of page:]* This verifies my Entire Fourth Amendment Claim - I WAS UNLAWFULLY ARRESTED For Speeding.

5092

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v

Town of Wolfeboro, Stuart Chase                    JURY TRIAL REQUESTED

Atty. Daniel Mullen


### JURISDICTION


This NEW cause of action happened in New Hampshire.   The Complaint that is before

the Court is under 42 U.S.C.1983 and 42 U.S.C. 1985, a civil rights action.


### PARTIES

1.      Town of Wolfeboro, 84 South Main Street,  Wolfeboro, NH 03896

2.      Stuart Chase, 26 Orchard Road,  Wolfeboro, NH 03896

3.      Attorney Daniel J. Mullen,  Ransmeier & Spellman,  1 Capitol St. Ste 1, Concord, N.H.
03301.

### RELEVANT FACTS

4.      This new cause of action  seeks  damages and  relief for the violation of the

Plaintiff's  Civil Rights  in an......" Abuse of Process" when the defendants  filed a motion

for summary judgment and that even if it was valid as to whether they had probable

cause to "stop" the  plaintiff's car in an offense of  disobeying the police, it was  an abuse

1

of process when they fraudulently convinced the Court to deny the Plaintiff's summary judgment stating her claim of a Malicious Prosecution does not stand as she was never arrested, for speeding, which was required for such a claim. When in fact the defendants knew all along that she was arrested for speeding. And she is suing for damages as because of the fraud, the Court denied her summary judgment based on the fact stated by the defendants that she had no claim of malicious prosecution, when she was not held in legal custody or detainment of her liberty. That the Sixth Amendment declared the charges invalid.

5.      That even though the underlying cause of action for their motion for summary judgment was valid, the defendants also used the summry judgment to achieve another purpose in an abuse of process when they fraudulently convinced the Court to deny the Plaintiff's motion for summary judgment by wrongly stating to the court that the Plaintiff did not have a maicious prosecution claim, as she was not arrrested for speeding, which is required for a claim of a malicious prosecuiotn, an ulterior motive to have the court allow their summary judgment, and deny hers.

6.      A wrong committed during the course of litigation to gain an unfair and advantage over the Plaintiff. To obstruct the just disposal of her proceedings. In bad faith with no genuine belief in its merits, but an ulterior motive.

7.      That there was no genuine belief in the merits as the defendants knew that she was indeed arrested for speeding. As in the record there are several documents where the defendants themselves, and an Affidavit by defendant Stuart chase himself, stating that the Plaintiff was arrested for speeding. Therefore they knew they had no probable cause or a legal action to have the Court deny her malicious prosecution claim based on the wrongful action of having the Court deny her motion for summary judgment. In an

5245   5239 5119

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHRE

Josephine Amatucci

v.

Attorney Daniel Mullen

and Joseph Laplante, individually

$Docket\ 21-F\,8-\ 237$

Ransmeier & Spellman

JURY TRIAL DEMANDED

### JURISDICTION

This new cause of action happened in New Hampshire.   The Complaint that is before the Court is under 42 U.S.C. 1983

### PARTIES

1.    Josephine Amatucci, P.O. Box 272, Wolfeboro Falls, NH 03896

2.    Attorney Daniel J. Mullen, INDIVIDUALLY and Ransmeier & Spellman,

OFFICIALLY ...1 Capitol St. Ste 1,  Concord N.H. 03301.

3.    Joseph Laplante,  sued INDIVIDUALLY,  55 Pleasant Street,

Room 110,  Concord, N.H. 03301.

### RELEVANT FACTS

4.    This is a consolidation of two cases that are before the Court,  the

Plaintiff was forced to VOLUNTARY DISMISS docket 20-cv-1194 and  this is a new cause

1

of action, a way to reopen the case under 1194 and any and all actions by Laplante

and Attorney Mullen which occurred at a hearing for summary judgment in December

2018, This new cause of action , is filed with a different TITLE other than the TITLE

that Judge McCafferty was placing on this case and in her refusal to to correct the title

of the defendants in the 1194 case, from her TITLE of Amatucci v. US District

Court-NH, District Judge.....to the Plaintiff's CORRECT TITLE of Amatucci v. Joseph

Laplante, individually. However, in this new cause of action the the Plaintiff is

consolidating her lawsuit against Attorney Daniel Mullen, with her lawsuit against

Joseph Laplante, and the new TITLE is as above Josephine Amatucci v. Joseph Laplante

and Attorney Daniel Mullen, and Ransmeier & Spellman.

5.      The claims, and allegations in both cases, are identical, and have not changed

in this new cause of action. Identical with Mullen and Laplante when they both

conspired to deny her arrest for speeding, and when they both conspired to allow

Mullen a summary judgment that was based on .........FRAUD ON/UPON THE COURT,

occurred at a hearing for cross summary judgments on Decmber 24, 2018 in the U.S. District

Court.

### DAMAGES

6.      In this new cause of action this Court MUST allow her MANDATORY DAMAGES,
based on the FRAUD ON/UPON THE COURT by Mullen and Laplante. And that I may say
in a continuous course of action that is occurring in this United States District Court and all
other courts, stated district and superior courts.

(a)   Is....... MANDATED.....to REVERSE and/or DISMISS the unlawful Conviction for the
DISOBEYING A POLICE OFFICER charge, which was unlawfully allowed by the 3rd Circuit District
Court judge Patten, where his rulings were VOID of no legal force, when the          trial
was held beyond the 70-90 days limitation period allowed to hold a trial under the Sixth
Amendment. In violation of the Speedy Trial Clause, not to detain a person longer than the 70-
90 day time limit, in awaiting a trial. When a trial for the police charges of speeding and
disobeying a police officer was not held until one year and three weeks after her bine formerlly
charged which was on May 7, 2014, and because a trial was not held until          June 25,

2

5092

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v

Town of Wolfeboro, Stuart Chase                    JURY TRIAL REQUESTED

Atty. Daniel Mullen

### JURISDICTION

This NEW cause of action happened in New Hampshire.  The Complaint that is before

the Court is under 42 U.S.C.1983 and 42 U.S.C. 1985, a civil rights action.

### PARTIES

1.      Town of Wolfeboro, 84 South Main Street,  Wolfeboro, NH 03896

2.      Stuart Chase, 26 Orchard Road, Wolfeboro, NH 03896

3.      Attorney Daniel J. Mullen, Ransmeier & Spellman, 1 Capitol St. Ste 1, Concord, N.H.
03301.

### RELEVANT FACTS

4.      This new cause of action  seeks  damages and  relief for the violation of the

Plaintiff's  Civil Rights  in an......" Abuse of Process" when the defendants  filed a motion

for summary judgment and that even if it was valid as to whether they had probable

cause to "stop" the  plaintiff's  car in an offense of  disobeying the police, it was  an abuse

1

*1/27/17*
*BINGO*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci,
                Plaintiff,

v.                                                      Case No.:   15-CV-00356-JL   *VOID*

James O'Brien, et al,                          *NOW CASE 00237*
                Defendants.                     *DID A VOLUNTARY DISMISSAL*

### DEFENDANT CHASE'S OBJECTION
### TO PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC 149) OF
### JUDGE LAPLANTE'S ORDER (DOC 147) BASED ON THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION (DOC 142)

Defendant Chase, through counsel, objects to plaintiff's Motion for Reconsideration (Doc

149) for the following reasons:

The plaintiff's Motion for Reconsideration is based on the premise that Judge Laplante

misunderstood plaintiff's proposed claim regarding alleged malicious prosecution. There is no

evidence the Judge misunderstood anything or that the claimed misunderstanding would have

mattered. Rather, he approved the Magistrate Judge's Report and Recommendation (Doc 142)

which lays out the bases in detail for denying plaintiff's proposed amendment as futile.

The plaintiff's Motion for Reconsideration also falsely argues that Judge Patten, in the

criminal case against her, found no probable cause. On the contrary, there is no place in that

Judge's order where he finds "no probable cause" expressly or impliedly. Ms. Amatucci was

charged with speeding and failure to obey an officer. The judge in that case specifically found

that Ms. Amatucci was driving 42 mph in a 30 mph zone and found that she failed to stop for

police pursuing her for about four miles. See Defendants' Motion for Judgment on the Pleadings

and exhibits to that motion. Thus, there was probable cause for her arrest and prosecution on

~~~~ ~~~~ ~~ ~~~~~ ~~ ~~~~~~~~~~ ~~~ ~ ~~~ ~~~~~~~ ~ ~~~ ~ ~~ ~

both speeding and failure to obey.[1]  The trial judge found that Ms. Amatucci was not guilty of
speeding (even though she exceeded the speed limit by 12 mph) solely because the prosecutor
failed to introduce evidence of road conditions that day.  That does not mean that there was no
probable cause for the arrest or the prosecution.

The prosecutor's failure to put in such evidence, or even Ms. Amatucci's success in
beating the speeding violation, does not retroactively create lack of probable cause for the arrest
and prosecution.  In fact, the trial court found (and Ms. Amatucci is bound by collateral estoppel
on that point), that she exceeded the speed limit by 12 mph.  Moreover, the trial judge found that
she failed to obey police officers pursuing her for almost four miles and that she was guilty of the
crime she was charged with, failing to obey.  Thus, the trial court's findings clearly establish the
opposite of what Ms. Amatucci now argues.  The trial judge's rulings, contrary to Ms.
Amatucci's arguments, show there was, in fact, probable cause.

Moreover, as argued in defendant's original objection (doc 137), this proposed claim is
barred both by res judicata and collateral estoppel for all the reasons argued in defendants'
Motion for Judgment on the Pleadings (Doc 132).

While Judge Laplante has not yet ruled on the Magistrate Judge's Report and
Recommendation (Doc 144), the Magistrate Judge's Report and Recommendation has proposed
that the Court dismiss all plaintiff's claims against Chief Chase because those claims are barred
by res judicata.  The proposed malicious prosecution claim (whether under common law or as a
Section 1983 claim) also would be barred by res judicata as it arises out of the same transaction
or occurrence as the prior case, and thus, the proposed amendment would be futile.  The claim,

---

[1] If Ms. Amatucci had not refused to stop, it is doubtful, however, that she ever would have been arrested for
speeding alone.

2 



_EXHIBIT_
_R_

# UNITED STATES DISTRICT COURT

**Josephine Amatucci**

v.

**Stuart Chase, et al.**

**1:17-CV-00237-JL**

_PERJURY_

## AFFIDAVIT OF STUART CHASE

NOW COMES Stuart Chase of Wolfeboro, New Hampshire who upon oath states as follows:

1. I was a police officer in the Town of Danvers, Massachusetts from 1969 through 2004; and was the Chief of Police in Danvers from 2001 through 2004. I was hired as Lieutenant in the Wolfeboro New Hampshire Police Department in March, 2005 and was Chief of Police in Wolfeboro from August 2006 until I retired effective January 1, 2017. I am presently a Special Deputy Sheriff for Carroll County, and work part-time in that position.

2. On May 7, 2014, at approximately 12:30 PM, I was on duty and in the Public Safety Building in Wolfeboro, which is located approximately one-half mile from the Wolfeboro Town Hall.

3. At that approximate time on May 7, 2014, a call came into the Police Department from an employee at the Town Hall asking for police assistance because there was a disturbance at the Town Hall involving Josephine Amatucci.

4. Shortly after learning of the disturbance, I got into my cruiser and drove toward the Town Hall. Before reaching the Town Hall, I became aware through dispatch that Josephine Amatucci had left the Town Hall, so I turned around and started back toward the Public Safety Building. I then became aware through dispatch that Officer Shane Emerson was pursuing Amatucci north on Center Street, for an alleged speeding infraction.

5. Rather than return to the Public Safety Building, I turned onto Center Street and headed north. I made an attempt to catch up with Amatucci or Officer Emerson but moved along with the traffic. Approximately four miles up Center Street from downtown Wolfeboro, I arrived at the scene where Amatucci had apparently been stopped by Deputy Timothy Thompson of the Carroll County Sheriff's Department. The driver's door to Amatucci's vehicle was open and she had already been placed in handcuffs and was being placed in the rear of Emerson's cruiser. I believe that I arrived at the scene about two minutes after her vehicle had been stopped.

_All PERJURY_

_See Emers account of K attached_

_See Thompson account_

_Both use OATH_

L324007L1

Case 1:21-cv-00237-LM Document 32 Filed 09/02/22 Page 36 of 37

per hour zone, is prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

Given that Officer Emerson's radar unit showed that Amatucci was exceeding the posted speed limit by 12 miles per hour, he had probable cause to stop her.

The fact that Amatucci was later acquitted of the charge of speeding because the Court determined that she was not traveling at a speed that was unreasonable and imprudent for the conditions existing has no bearing on whether or not there was probable cause. The fact that she exceeded the posted speed limit is enough to provide a reasonable officer with reason to charge Amatucci with speeding.

Accordingly, Officer Emerson is entitled to qualified immunity.

Former Chief Chase did not participate at all in the arrest for speeding. Former Chief Chase came upon the scene after Amatucci had been arrested by Officer Emerson and charged with the offense of speeding and with the offense of disobeying a police officer. He did not participate in the arrest of Amatucci, nor did he participate in the prosecution. He did not provide any instructions or guidance to Officer Emerson relative to his pursuit of Amatucci and the subsequent prosecution for speeding.

Accordingly, because there are no facts provided by Amatucci that showed former Chief Chase participating in the arrest, he is not liable at all for the claims asserted by her. The fact that he showed up at the scene after the fact does not mean that he had anything to do with the arrest. Moreover, because she had

14

**FROM:**

Josephine Amatucci

P. O. Box 272

Wolfeboro Falls N.H. 03896

**TO:**

United States District Court

District of New Hampshire

Office of the Clerk

Room 110

Concord, N.H. ~~03896~~

03301