FILED - USDC -NH
2022 SEP 6 PM12:17

5788

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Mullen, Laplante, Ransmeier,

et al

Case 1:21-cv-00237-LM

EVIDENCE ATTACHED OF FRAUDULENT MISREPRESENTATION

OF MULLEN AND JOE LAPLANTE

IN A DENIAL OF MY FEDERAL CIVIL RIGHTS

1. Please find attached evidence of the violation of the Plaintiff's Federal Civil Rights by the defendants, when they fraudulently denied that the Plaintiff was never arrested and prosecuted for speeding, and in doing so denied her right to damages under 1983..

2. If a judge wars against the Constitution , he has engaged in TREASOLN to the FEDERAL CONSTITUTION, AND IN DOING SO IS ENGAGED IN EXTORTION.

3. Courts have .....repeadly... ruled it is CLEARLY ESTABLISHED that judges have NO IMMUNITY when they violate the Federal Constitution.

4. People v. Wade 506 N.W. 2d 954 (Ill. 1987) stating "a VOID JUDGMENT may be defined as one in which the rendering court acted in a manner inconsistent with

DUE PROCESS.

5. That Laplante lost jurisdiction in this case when he FRAUDULENTLY stated there was.... NO EVIDENCE IN THE RECORD ....to prove that the PLaintiff was arrested and prosecuted for speeding, when right before his eyes, AND IN THE RECORD, especially in Mullen's Report & Recommendation was evidence in the RECORD that the Plaintiff was indeed arrested and prosecuted for speeding. When speeding is NOT A CRIME IN NEW HAMPSHIRE. And besides all other evidence as attached herein, of her arrest and prosecution for speeding. Where therefore his judgments are void and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties to to support a right, of no legal force and effect, and incapable of enforcement in ANY MANNER OR TO ANY DEGREE.

6. A packet attached is the response of Laplante at the hearing held on the mutual summary judgments, where it is shown that Laplante committed FRAUDULENT MISREPRESENTATION of the entire case, and in violating the Plaintiff's Federal Constitutional right, he lost jurisdiction when he fraudulently denied the Plaintiff her right to damages for an unlawful arrest and prosecution for speeding, when speeding is NOT A CRIME, and when she should never have been arrested and prosecuted under NH law, especially where the trial court judge found her NOT GUILTY of speeding.

7. It is the evidence that tells the truth in this case, which is exculpatory enough for a jury of her peers to find for damages under 1983.

8. That the Plaintiff is DEMANDING after all the abuse she has gone through in this case, for this court to immediately hold jury trial of her peers under 1983 for damages for the violation of her Civil Rights, where there is NO DEFENSE FOR FRAUD

ON/UPON THE COURT by Mullen and Joe Laplante, individually.

9. Where under FRAUD every single decision made by Laplante is VOID OF NO LEGAL FORCE, AND NOT MADE IN HIS JUDICIAL CAPACITY. Where a Fraudulent judgment is NEVER FINAL. Where there is no RES JUDICATA or STATUTE OF LIMITATIONS NO IMMUNITY UNDER FRAUD FOR THE DEPRIVATION OF MY FEDERAL CIVIL RIGHTS .

10. That whenever an officer of the court commits fraud during a proceeding in the court he is engaged in "fraud upon the court". In Bulloch v. United States 763 F.2d 1115, 1121 (10th cir. 1985) the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itsself and is not fraud between the parties or fraudulent documents, or perjury....It is when the court or a member is corrupted or influenced or influence is attempted or where the judge has NOT PERFORMED his judicial function-where the impartial functions of the court have been......DIRECTLY CORRUPTED.

11. "Fraud upon the Court" has been defined by the 7th Circuit Court of Appeals to 'embrace that species of fraud which does, or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perfom in the usual manner its IMPARTIAL TASK OF ADJUDING cases that are presented for adjudication". The 7th Circuit Court stated:

"a decision produced by "fraud upon the court" is not in essence a decsion at all, and NEVER BECOMES FINAL." "Fraud makes void the orders and judgments of the court."

12. It is clear and...... WELL SETTLED......CLEARLY ESTABLISHED.....that any attempt to commit "fraud upon the court" vitiates the ENTIRE PROCEEDING. And decsions and judgments. The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354; 192 N.E. 229 (1934) Allen f. Moore v. Stanley F. Sievers, 336 Ill. 316, 168

N.E. 259 (1929). In re Village of Willowbrook, 37 Ill.App.2d 393 (1962) Dunham v. Dunham 57 Ill. App. 475 (1894).

13. Under Federal Law, when an officer of the court has committed "fraud upon the court", the ORDERS AND JUDGMENT of that court are VOID OF NO LEGAL FORCE OR EFFECT.

14. Federal law requires the DISQUALIFICATION of a Federal judge under these circumstances. In 1994 the U.s. Supreme Court held that::

"DISQUALIFICATIN is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's ruling leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge .........MUST BE DISQUALIFIED . LITELY V. U.S. 114 S. Ct. 1147 1162 (1994).

15. In the case of Pfizer Inc. v. Lord the Court stated that "it is important that the litigant not only actually receives justice, but that he believes that he has received justice." "Justice must satisfy the appearance of justice. "If the party has been of any of her property, then the judge has acted in the judge's PERSONAL CAPACITY and not in the judge's JUDICIAL CApACITY.

Respectfullly,

Josephine Amatucci

September 2, 2022

FROM:
P.O. BOX
WolfeBoro FAllS N.H. 03894




1000



03301

U.S. POSTAGE PAID
FCM LG ENV
WOLFEBORO, NH
03894
SEP 02, 22
AMOUNT

**$2.16**

R2304H107727

-13

United States District Court
District of N.H.
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301