*Evidence in the Record*

1 of 12

*a Judge LaPlante's Fraudulent Ruling on Summary Judgement*

## Summary Judgment Standard

"The purpose of summary judgment is to enable a court 'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" Fernández-Salicrup v. Figueroa-Sancha, 790 F.3d 312, 328 (1st Cir. 2015) (citation omitted). "Summary judgment is warranted if the record, construed in the light most flattering to the nonmovant, 'presents no genuine issue as to any material fact and reflects the movant's entitlement to judgment as a matter of law.'" Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 20-21 (1st Cir. 2018) (citation omitted); see Fed. R. Civ. P. 56(a)). At summary judgment, "[a]n issue is 'genuine' if the evidence would enable a reasonable factfinder to decide the issue in favor of either party." Irobe v. U.S. Dep't of Agric., 890 F.3d 371, 377 (1st Cir. 2018). "A fact is 'material' when its (non)existence could change a case's outcome." Mu v. Omni Hotels Mgmt. Corp., 882 F.3d 1, 5 (1st Cir. 2018), rev. denied, 885 F.3d 52 (1st Cir. 2018).

To obtain summary judgment, "[t]he moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 332 (1986). "This demonstration must be accomplished by reference to materials of evidentiary

quality, and that evidence must be more than 'merely colorable.'" Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 853 (1st Cir. 2016) (citation omitted). Once the moving party makes the required showing, "'the burden shifts to the nonmoving party, who must, with respect to each issue on which [it] would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in [its] favor.'" Id. (citation omitted). The nonmoving party's failure to prove any essential element of a claim "'necessarily renders all other facts immaterial.'" Delgado v. Aero Inv. Corp., 601 F. App'x 12, 15 (1st Cir. 2015) (quoting Celotex Corp., 477 U.S. at 323). The nonmoving party's failure to make the requisite showing "entitles the moving party to summary judgment." Flovac, Inc., 817 F.3d at 853.

At the summary judgment stage, the court draws "'all reasonable inferences in favor of the non-moving party,' but disregard[s] 'conclusory allegations, improbable inferences, and unsupported speculation.'" Fanning v. FTC, 821 F.3d 164, 170 (1st Cir. 2016) (citation omitted). When ruling on cross motions for summary judgment, the court applies the same standard of review, but each motion is viewed separately. See Cooper v. D'Amore, 881 F.3d 247, 249-50 (1st Cir. 2018) (citation omitted).

Town, plaintiff must also show that the "moving force" behind the asserted violation of her Fourth Amendment rights was a town "policy or custom . . . made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694.

[Handwritten annotation: Even if occurred once by a policy making official in violation of one's federal civil rights the Town is liable. Under Monell. Chase & Morgan]

II. Probable Cause

To prove her Fourth Amendment malicious prosecution claims in this case, plaintiff must demonstrate that there was no [handwritten: a prosecute] probable cause to charge her with speeding on May 7, 2014. "The Fourth Amendment protects '[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures.'" Manuel v. City of Joliet, 137 S. Ct. 911, 917 (2017) (quoting U.S. Const. amend. IV)). When there is probable cause for an arrest, the Fourth Amendment's prohibition against

[Handwritten: You do not arrest for speeding in NH speeding is not a crime]

---

finding was based on knowing falsehoods presented by officers regarding issues material to the probable cause determination. To maintain a Fourth Amendment malicious prosecution claim against the officers responsible for her arrest, Mrs. Amatucci has "to demonstrate that the officers 'were responsible for [her] continued, unreasonable pretrial detention,'" after she was "'held pursuant to legal process'" upon a "'neutral magistrate's determination that probable cause exist[ed] for [her] arrest.'" Hernandez-Cuevas v. Taylor ("Hernandez-Cuevas II"), 836 F.3d 116, 123 (1st Cir. 2016) (quoting Hernandez-Cuevas I, 723 F.3d at 99-100). Such a showing, however, would not obviate the requirement to prove termination of the prosecution in her favor.

12

Case 1:17-cv-00237-JL Document 190 Filed 12/27/18 Page 13 of 25

unreasonable seizures "is not offended." <u>Collins v. Univ. of N.H.</u>, 664 F.3d 8, 14 (1st Cir. 2011).

"Probable cause exists when police officers, relying on reasonably trustworthy facts and circumstances, have information upon which a reasonably prudent person would believe the suspect had committed or was committing a crime." <u>United States v. Pontoo</u>, 666 F.3d 20, 31 (1st Cir. 2011) (internal quotation marks and citations omitted). "'The question of probable cause . . . is an objective inquiry,' and [courts] do not consider the 'actual motive or thought process of the officer.'" <u>Kenney v. Head</u>, 670 F.3d 354, 358 (1st Cir. 2012) (citation omitted).

It is important to note, at he outset, that in order for Mrs. Amatucci to prove her case, she must show that the defendants are liable for a malicious prosecution <u>as to the speeding charge resulting in acquittal</u> [ARREST & PROSECUTION], as opposed to the disobeying an officer charge of which she was convicted. As the court rules, <u>see</u> Part III, <u>infra</u>, she cannot prove that claim. [Oh yes Judge] Even if she had been arrested or detained for speeding, however, that charge was supported by probable cause. [NO PROBABLE CAUSE TO ARREST & DETAIN WHEN SPEEDING IS NOT A CRIME]

A. RSA 265:60 [NOT A CRIME]

In New Hampshire, the offense of speeding is committed when a person drives at "unreasonable and imprudent" speeds for the

Case 1:17-cv-00237-JL Document 190 Filed 12/27/18 Page 14 of 25

conditions and circumstances. RSA 265:60, I. While driving at a rate of speed that is higher than the posted speed limit is not necessarily a violation of RSA 265:60, I, it is "prima facie evidence" that the driver's speed is "unreasonable and imprudent." 265:60, II. In other words, if a person is driving faster than the posted speed limit, probable cause exists to believe that the person is violating RSA 265:60, I, as "[p]robable cause is a reasonable ground for belief supported by less than prima facie proof but more than mere suspicion." United States v. Blair, 524 F.3d 740, 748 (6th Cir. 2008); see also United States v. Wilder, 526 F.3d 1, 6 (1st Cir. 2008) ("The standard of probable cause requires a probability, not a prima facie showing, of criminal activity.'" (citation omitted)); [*SPEEDING IS NOT A CRIME IN N.H.*] Bryant v. Noether, 163 F. Supp. 2d 98, 107-08 (D.N.H. 2001) ("Probable cause does not require the facts and circumstances within the officer's knowledge to 'be sufficient to prove guilt beyond a reasonable doubt, make out a prima facie case or even to establish that guilt is more probable than not.'" (citation omitted)). Therefore, if a police officer reasonably determines that a person is driving at a rate of speed higher than the posted speed limit, that officer has probable cause to stop the car and cite the driver with the offense of speeding. [*NOT ARREST & PROSECUTE her*]

An acquittal does not establish that an arresting officer "lacked the requisite probable cause to support a charge," as a "conviction requir[es] the higher standard of proof beyond a reasonable doubt." Gillis v. Chase, 894 F.3d 1, 3 (1st Cir. 2018). An officer can possess probable cause to believe that an offense has been committed but ultimately be unable to produce at trial sufficient evidence to support a conviction for that offense. See id.; Blair, 524 F.3d at 748.

Defendants have produced Officer Emerson's affidavit, which states that his fully-functioning radar unit indicated that Mrs. Amatucci was travelling 42 mph in a 30 mph zone. See Emerson Aff. 1, ¶ 3. On similar evidence, the state court found, and twice stated, that Mrs. Amatucci was travelling in excess of the posted speed limit. See State Court Verdict at 2-3 (finding "defendant was traveling 42 miles per hour in a posted 30 mile per hour zone" and "defendant was traveling 12 miles per hour over the posted speed limit").

Mrs. Amatucci has not provided this court with any sworn statement or other submission of evidentiary quality to rebut defendants' submissions. In support of her argument that she was "not speeding," and that Officer Emerson thus lacked probable cause to pull her over, Mrs. Amatucci claims that Sgt. Thompson stated in a written report that the WPD had advised him

[Handwritten annotations: "See Chief Chase's sworn statement attached and in the record"; "No probable cause to arrest & prosecute her for speeding in NH"; "PAGE 16"]

*JUDGES ARE MASTERS OF DECEIT*

↗ NOT ARREST & PROSECUTE

Mrs. Ama̸tucci is mistaken. "As a general matter, the decision to (stop) an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996).[6] Once Officer Emerson put on his blue lights and siren in an attempt to stop her car, Mrs. Amatucci was required by law to pull over, whether or not she agreed that she was speeding, or was suspicious of Officer Emerson's motives for stopping her, and her failure to do so was chargeable as a separate misdemeanor offense. See RSA 265:4(I)(c)[7]; State v. Steeves, 158

---

[6] New Hampshire law explicitly allows a police officer to make a warrantless (arrest) for a violation-level offense committed in his or her presence. See RSA 594:10, I(a) ("An (arrest) by a peace officer without a warrant on a charge of a misdemeanor or a violation is lawful whenever [h]e has probable cause to believe that the person to be (arrested) has committed a misdemeanor or violation in his presence."). ↙ *OR PROSECUTE* / *YOU DON'T ARREST FOR SPEEDING*

[7] RSA 265:4 states, in pertinent part:

I.   No person, while driving or in charge of a
vehicle, shall:

. . .

*Disobeying charge NOT Speeding "honey"*

(c) Purposely neglect to stop when signaled to
stop by any law enforcement officer who is in
uniform or who displays his badge conspicuously
on the outside of his outer coat or garment, or
who signals such person to stop by means of any
authorized audible or visual emergency warning
signals . . . .

Case 1:21-cv-00237-LM   Document 33-1   Filed 09/06/22   Page 8 of 12

8 OF 12

Case 1:17-cv-00237-JL   Document 190   Filed 12/7/18   Page 19 of 25

N.H. 672, 676, 972 A.2d 1033, 1037 (2009) ("drivers simply are not free to disregard blue lights").

C. "Set Up"

Finally, Mrs. Amatucci argues that the pursuit of her car and her subsequent arrest were the result of a "set up" by Officer Emerson and Chief Chase to prevent her from reaching the CCSD and lodging a complaint against Chief Chase. Even assuming, without deciding, that the evidence before the court demonstrates that Officer Emerson and Chief Chase had an ulterior motive to stop Mrs. Amatucci's car other than to enforce traffic laws, such evidence would not generate a genuine issue of material fact sufficient to defeat defendants' motion for summary judgment, as "a traffic stop supported by probable cause [does] not violate the Fourth Amendment regardless of the officer's actual motivations." Reichle v. Howards, 566 U.S. 658, 665 n.5 (2012) (citing Whren, 517 U.S. at 812-13); see also Kenney, 670 F.3d at 358.

[handwritten annotation: STAND YOUR GROUND LAW; "traffic stop" circled]

III. No Seizure Pursuant to Legal Process

"In a malicious prosecution case brought under Section 1983, 'the constitutional violation lies in the deprivation of liberty accompanying the prosecution rather than in the prosecution itself.'" Moreno-Medina v. Toledo, 458 F. App'x 4,

19

officer. See Thompson Rpt. ("[Sgt. Thompson] told [Mrs. Amatucci] that she had been arrested for disobeying a police officer" and that likely she would be taken to jail."). Once Mrs. Amatucci was transported to the CCHC, the bail commissioner set bond on the charge of disobeying a police officer. See Bond in Crim. Case. (listing "Offense(s) Charged" as "Disobey an Officer, Failure to Stop"). In other words, none of the Fourth Amendment-implicating events in this case concerned the speeding charge that she challenges in this case; her arrest, very brief detention and personal recognizance bail conditions all attended, instead, to her disobeying an officer charge, of which she was convicted. [handwritten: AND PROSECUTED See Chief Chase's AFFIDAVIT UNDER OATH ATTACHED STATING She WAS ARRESTED AND PROSECUTED FOR SPEEDING]

While Mrs. Amatucci has alleged that she was also actually arrested for speeding (as opposed to simply cited), and then jailed and subjected to bail conditions on that charge, she has not supported that assertion with any submission of evidentiary quality. [handwritten: UNDER OATH IS QUALITY] Significantly, every item of record evidence, see Bond in Crim. Case; Thompson Rpt., and admissible testimony connect Mrs. Amatucci's arrest and what followed to the disobeying charge, and more of that evidence mentioned or otherwise involved or implicated the probable cause-supported, see Part II, supra, speeding violation. Accordingly, Mrs. Amatucci has failed to demonstrate that her arrest, incarceration, and [handwritten: PROSECUTION]

21

Case 1:17-cv-00237-JL   Document 190   Filed 12/27/18   Page 22 of 25

subjection to bail conditions concerned the speeding charge in this case.[9]

*[handwritten: ASK Chief Chase]*

Mrs. Amatucci has thus failed to meet her burden to counter the defendants' evidence that she was not seized or held for speeding "pursuant to legal process," Hernandez-Cuevas II, 836 F.3d at 123 (citation omitted), on a charge of speeding. See Flovac, Inc., 817 F.3d at 853. Accordingly, Mrs. Amatucci has failed to demonstrate that there is any disputed fact as to that essential element of her malicious prosecution claims, and on that basis, the defendants are entitled to summary judgment as to the claims in this action as a matter of law. See id.; Delgado, 601 F. App'x at 15.

*[handwritten margin notes: FRAUD FRAUD FRAUD see their SUMMARY JUDGMENT; LOOK AT ALL the EVIDENCE ATTACHED; To NOTHING; FRAUD MISREPRESENTATION]*

## IV. Municipal Liability Under Monell

Mrs. Amatucci has asserted that the Town of Wolfeboro is liable to her for malicious prosecution because the Fourth

---

[9]Even if Mrs. Amatucci could demonstrate, however, that the bail conditions set upon her release from the CCHC applied to her speeding offense, as well as the disobeying offense, the court notes that those conditions, which "required her to attend court proceedings, notify the court of any change in address, [and] refrain from committing crimes," see Bond in Crim. Case, are the type of "run-of-the-mill conditions of pretrial release" that do not generally "rise to the level of a Fourth Amendment seizure." Harrington, 610 F.3d at 32-33. And further, of course, Mrs. Amatucci's speeding-related claim necessarily fails because that charge was supported by probable cause. See Part II, supra; Hernandez-Cuevas I, 723 F.3d at 101.

Case 1:17-cv-00237-JL   Document 190   Filed 12/27/18   Page 23 of 25

Amendment violation she has alleged was caused by a Town policy of refusing to address police misconduct. "An underlying constitutional tort is required to proceed under a municipal liability theory. Where, as here, there is no constitutional violation by the employees of the municipality, there can be no liability predicated on municipal policy or custom." Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 504 (1st Cir. 2011). As the evidence before the court demonstrates that no Town employee violated Mrs. Amatucci's Fourth Amendment rights, the Town is entitled to judgment as a matter of law as to the malicious prosecution claim asserted against it under a theory of municipal liability.

V. Qualified Immunity

The defendants argue that they are entitled to qualified immunity with regard to Mrs. Amatucci's Fourth Amendment malicious prosecution claims. "Qualified immunity protects government officials from trial and monetary liability unless the pleaded facts establish '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" Marrero-Mendez v. Calixto-Rodriguez, 830 F.3d 38, 43 (1st Cir. 2016) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011)).

[handwritten annotations: "NO — ONE SINGLE ACT BY A POLICYMAKING OFFICIAL CHASE & MORGAN — VIOLATING MY CIVIL RIGHTS"; "NOT A TORT — A FEDERAL CONST. RIGHT"; "NO"; "CHASE & PROSECUTOR MORGAN VIOLATED"; "yes"; "yes"; "NO PROBABLE CAUSE ALSO"]

*[handwritten: LAPLANTE & MULLEN COMMITTED FRAUD & STOLE MY RIGHT TO DAMAGES]*

The undisputed record in this case demonstrates that the defendants had probable cause to stop Mrs. Amatucci's car for speeding on May 7, 2014, and thus, she cannot succeed on a claim of a violation of her Fourth Amendment right not to be maliciously prosecuted for that speeding offense. Accordingly, and without the necessity of analyzing the second prong of the qualified immunity analysis, defendants are entitled to qualified immunity in regard to the malicious prosecution claims in this case.

*[handwritten: There is NO QUALIFIED IMMUNITY IN A FEDERAL VIOLATION OF MY CIVIL RIGHTS]*

*[handwritten: READ ALL THE EVIDENCE ATTACHED THAT IS IN THE CASE FILES & RECORD]*

**Conclusion**

For the foregoing reasons, finds that the defendants have "affirmatively demonstrate[d] that there is no evidence in the record to support a judgment" in Mrs. Amatucci's favor as to her malicious prosecution claim. Celotex Corp., 477 U.S. at 332. Accordingly, the court enters the following Order:

1. The court's September 24, 2018 endorsed order incorrectly identifies the defendants' summary judgment motion as Document No. 139. The clerk's office is directed to amend that endorsed order in the docket of this case to reflect that the defendants' motion for summary judgment is Document No. 138.