**EVIDENCE** THAT LaPLANTE IGNORED UNDER FRAUD

In the Records CASE 1:17CV-00237-JL DOCUMENT 138 Filed 7/26/1..
138-1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci,
       Plaintiff

v.                                    Civil Action No.: 17-CV-237-JL

Town of Wolfeboro, Shane Emerson and
Stuart Chase,
       Defendants

"See ARREST FOR SPEEDING" on page 2 Right BeFoRe the Judge's Eyes
The ARREST WAS A UNLAWFUL Seizure

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME the Defendants, by and through counsel, Ransmeier & Spellman, P.C., and move for summary judgment on the Plaintiff's complaint filed in the above-captioned matter and in support of same, state as follows:

1. A memorandum of law with exhibits is filed in support of this Motion for Summary Judgment;

2. No assent to the motion has been sought from the Plaintiff as the motion is dispositive in nature and her objection can be assumed.

WHEREFORE, the Defendants respectfully request that this Honorable Court:

A. Grant this Motion for Summary Judgment; and

B. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,
TOWN OF WOLFEBORO, SHANE EMERSON
AND STUART CHASE

By their attorneys,
RANSMEIER & SPELLMAN, P.C.

1C



per hour zone, is prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

Given that Officer Emerson's radar unit showed that Amatucci was exceeding the posted speed limit by 12 miles per hour, he had probable cause to stop her.

The fact that Amatucci was later acquitted of the charge of speeding because the Court determined that she was not traveling at a speed that was unreasonable and imprudent for the conditions existing has no bearing on whether or not there was probable cause. The fact that she exceeded the posted speed limit is enough to provide a reasonable officer with reason to charge Amatucci with speeding. *[handwritten: NOT ENOUGH / GOOD FAITH]*

Accordingly, Officer Emerson is entitled to qualified immunity.

Former Chief Chase did not participate at all in the arrest for speeding. *[handwritten checkmark]* Former Chief Chase came upon the scene after Amatucci had been arrested by Officer Emerson and charged with the offense of speeding and with the offense of disobeying a police officer. He did not participate in the arrest of Amatucci, nor did he participate in the prosecution. He did not provide any instructions or guidance to Officer Emerson relative to his pursuit of Amatucci and the subsequent prosecution for speeding. *[handwritten: ✳✳✳ EVIDENCE BEFORE LAPLANTE'S EYE'S]*

Accordingly, because there are no facts provided by Amatucci that showed former Chief Chase participating in the arrest, he is not liable at all for the claims asserted by her. The fact that he showed up at the scene after the fact does not mean that he had anything to do with the arrest. Moreover, because she had

*[handwritten: 2C]*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Josephine Amatucci,<br>      Plaintiff<br><br>v.<br><br>Town of Wolfeboro, Shane Emerson and<br>Stuart Chase,<br>      Defendants | Civil Action No.: 17-CV-237-JL |

*[Handwritten margin note: "See page 2 A prosecution for speeding 4th amend. violation"]*

### DEFENDANTS' OBJECTION TO PLAINTIFF AMATUCCI'S MOTIONS FOR SUMMARY JUDGMENT (Doc#109 & Doc#123)

NOW COME the Defendants, by and through counsel, Ransmeier & Spellman, P.C., and object to Plaintiff's motions for summary judgment (Doc#109 & Doc#123). In support of this objection, the Defendants state as follows:

1. Josephine Amatucci, proceeding pro se, has brought claims against the Town of Wolfeboro, Stuart Chase and Shane Emerson, for federal malicious prosecution, state malicious prosecution, a federal <u>Monell</u> claim against the Town and a state claim for vicarious liability against the Town.

2. A Case Status Conference was held in this case on June 14, 2018. At the conference, the Court made several oral rulings, many of which were in favor of Mrs. Amatucci. Specifically, the Court denied Ms. Amatucci's oral request to withdraw her motion for summary judgment as the Court was not convinced that Ms. Amatucci fully understood the consequences of withdrawing her motion. She has since filed a second motion for summary judgment which this Court has joined with her initial motion for summary judgment and has ordered the Defendants to respond by July 26, 2018.

3. At the Case Status Conference, Ms. Amatucci also moved to withdraw claims in the case and a fourth amendment state law malicious prosecution claim

*[Handwritten: "1 A"]*

See Rapp v. Putnam, 644 F. App'x 621, 625 (D.C. Cir. 2016); see also Williams v. Davis, 609 F. App'x 866, 867 (7th Cir. 2015) (whether a person is convicted of a crime is irrelevant to retaliatory prosecution claim). At the time defendants initiated Mrs. Amatucci's prosecution for speeding, therefore, all of the elements of a retaliatory prosecution claim were present and known to Mrs. Amatucci, and the claim thus became actionable at that time. See Rapp, 644 F. App'x at 625. Accordingly, Mrs. Amatucci could have brought her retaliatory prosecution claims in one or more of her previous lawsuits concerning the events of May 7, 2014, and such claims are therefore barred by res judicata. For that reason, the district judge should deny Mrs. Amatucci's request to add a First Amendment retaliatory prosecution claim to this action.

V. Lien on Mrs. Amatucci's Property

A. RICO

In 2015, Mrs. Amatucci filed a "right to know" action in the state court against Morgan. See Amatucci v. Morgan, No. 212-2015-CV-00052 (N.H. Super. Ct., Carroll Cty.). According to documents submitted by Mrs. Amatucci, the state court in that action issued an Order on August 12, 2015, directing her to pay the Town $4,460.89, the amount of Morgan's attorney's fees and

7

6. Ms. Amatucci was then transported to the House of Corrections in Ossipee for processing. I had no contact or conversation with Ms. Amatucci during the incident.

7. During the entire incident, I gave no instructions to Officer Emerson or any other law enforcement personnel to pursue Ms Amatucci or to arrest her. Officer Emerson acted in accordance with his duties and responsibilities as a patrolman, without any instructions or guidance at the time from the Police Chief. Also, I played no role in her subsequent prosecution for speeding and failure to obey police officers.

The above is true to the best of my knowledge, information and belief.

_____
Stuart Chase

*Chase UNDER OATH*

STATE OF New Hampshire
COUNTY OF Carroll

Before me on this 24 day of July, 2018, personally appeared the above-subscribed Stuart Chase, and made oath that the statements contained are true and correct to the best of his knowledge, information and belief.

_____
Notary Public/Justice of the Peace
My Commission Expires: March 29, 2019

BRUCE J. BURROWS, Justice of the Peace
My Commission Expires March 28, 2019

"her PROSECUTION FOR SPEEDING"

EXHIBIT 6

13240571.1

3

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Josephine Amatucci,<br>　　　　Plaintiff<br><br>v.<br><br>Town of Wolfeboro, Shane Emerson and<br>Stuart Chase,<br>　　　　Defendants | Civil Action No.: 17-CV-237-JL<br><br>**JURY TRIAL DEMANDED** |

### ANSWER AND AFFIRMATIVIE DEFENSES OF DEFENDANTS TOWN OF WOLFEBORO, SHANE EMERSON AND STUART CHASE

**Preface**

In an order dated February 6, 2018 (Document 75), this Court determined that the following claims are the claims proceeding in the action:

1. Defendant's (former) Wolfeboro Police Department Chief, Stuart Chase, Wolfeboro Police Department Officer Shane Emerson, and (former) Wolfeboro Police Department Officer James O'Brien, sued in their individual capacities, violated Mrs. Amatucci's rights under the Fourth Amendment and under state tort law, by (a) subjecting her to a prosecution for a speeding offense alleged to have occurred on May 7, 2014, and (b) detaining her pretrial during that prosecution without having probable cause, and with an improper purpose, where she was acquitted of speeding after a trial.

2. The Town of Wolfeboro is liable to Mrs. Amatucci for subjecting her to prosecution for a speeding offense alleged to have occurred on May 7, 2014, and for her pretrial detention relating to that prosecution:

1

*Prosecution for Speeding*

*Arrested For Speeding*

A-Wolf BOS Amatucci (1214) 060916

1,214 words

Wolfeboro responds to Amatucci request for a hearing

BY THOMAS BEELER
Editor

WOLFEBORO — Wolfeboro resident Josephine Amatucci has been a frequent speaker during the public input section of most meetings of the Wolfeboro Board of Selectmen in the past year, including the board's meeting on June 1.

During this time she has voiced grievances concerning events that occurred on May 7, 2014. On that date, Amatucci met with Police Chief Stuart Chase to demand that a complaint of erratic driving against her made by an off-duty Wakefield police officer be dismissed, claiming she was not in the state at the time. Chase declined her demand and reportedly she became agitated. Chase asked her to leave. Amatucci then drove to the town offices to complain to Town Manager Dave Owen. After being told that Owen was not in the office she reportedly became agitated again. Acting Town Manager Rob Houseman was called by staff and he attempted to lead Amatucci out of the office area. The police were also called because of the disturbance, but before they arrived Amatucci drove away, intending to speak, she has stated, with the county sheriff. Wolfeboro police followed her on Route 28. When Amatucci failed to pull over in response to flashing blue lights, police called ahead to county dispatch. Amatucci was stopped by sheriff's deputies at Pork Hill Road and arrested for speeding and disobeying an officer.

The town then issued a No Trespass order against Amatucci that required a written request for an appointment to enter either Town Hall or the Public Safety Building, though no appointment was necessary to attend publicly noticed town meetings, such a those of the Board of Selectmen.

Subsequently in court Amatucci was found guilty of disobeying an officer but the court found insufficient evidence of speeding.

Since the May 7 incident Amatucci has demanded from the Wolfeboro Police Commission and the selectmen a criminal investigation of the May 7 events; then, after the police commission denied her request, she demanded of selectmen an outside investigation of those events, and, lately, a public hearing on the town's No Trespass order. In all cases she has asserted that Chase and Housemen and Wolfeboro Police Captain Dean Rondeau, who received the original driving complaint, acted criminally and were felons.

*Prosecuted For Speeding*

At the June 1 selectmen's meeting Amatucci repeated her demand for a public hearing on the No Trespass order, claiming that the town acted illegally and denied her constitutional rights by not holding a public hearing before it issued the order. She accused town officials of organized crime by conspiring with the police to block an investigation and stated that she had heard her legal actions have cost the town $30,000 so far and promised that "if the matter were not addressed properly it will cost triple that." She has promised in the past, "I am not going away."

Amatucci then began to relate the events of May 7 from her perspective, claiming she

speed was unreasonable for the conditions and therefore, under NH statute, the state had failed to prove she was speeding. However, the court also found that she had an obligation to stop for the police, that she failed to do so for over 4 miles and that she was, therefore, guilty of failing to stop for the police. Admitted that plaintiff was validly arrested and prosecuted for speeding and failure to stop. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of whether the plaintiff was truly headed to the sheriff's office for any purpose, but it would not have mattered to them, and therefore deny those allegations. Defendants deny all the remaining allegations of paragraph 9. Also see the response, above, to Paragraph 7. Defendant O'Brien further specifically denies all the allegations against him. His involvement in this matter, contrary to the plaintiff's false and groundless allegations, was extremely limited. Mr. O'Brien responded, as he was legally required to do, to a call from police dispatch that Ms. Amatucci was causing a disturbance at the Town offices. By the time Ofc. O'Brien arrived at the Town offices, Ms. Amatucci had already left. Mr. O'Brien's sole involvement after that was to make a radio call back to police dispatch confirming that Ms. Amatucci was no longer at Town Hall. O'Brien did not make a phone call to Ofc. Emerson, did not call the Sheriff's Department and did not request anyone to chase or stop or arrest Ms. Amatucci. He was not in any way involved in the pursuit of Ms. Amatucci and was not present when she was pursued, stopped or arrested. After Ms. Amatucci was arrested and taken away, Officer O'Brien went to the location of Ms. Amatucci's car to relieve Chief Chase so that Chief Chase did not have to wait for the tow truck to arrive. As to the statement in the police log about Ofc. Emerson trying to stop "her," that was not a quote of Ofc. Emerson's police call to dispatch, but rather a conflation in the log prepared by the dispatcher, William Riley, of Emerson's statement that he was turning around to chase a speeding car (which he did not know was Ms. Amatucci), Officer

the first suit filed by Defendant in USDC (Exh. 50); and

- Magistrate Judge McCafferty's Report and Recommendation dated May 18, 2012 (Exh. 63) in the third suit filed in USDC by Defendant based upon her arrests in 2002 and 2003.

To date, Defendant has filed seven lawsuits in USDC and ten lawsuits in this Court based primarily on her allegedly unlawful arrests in 2002 and 2003. In addition, Defendant has to date filed eight lawsuits in USDC and three in this Court based primarily on the erratic driving incident in August 2013 and/or her arrest for speeding and failure to obey Police Officers on May 7, 2014. It is the pleadings, orders and decisions in these lawsuits which are the facts that Plaintiff relies upon in asking this Court for relief under RSA 507:15-a.

## II. RSA 507:15-A IS CONSTITUTIONAL UNDER BOTH THE NEW HAMPSHIRE AND U.S. CONSTITUTIONS

### A. The Court Should Decline To Analyze RSA 507:15-a's Constitutionality Under New Hampshire's Constitution Because Defendant Has Failed To Specifically Cite Its Provisions.

In her various pleadings, Defendant has alluded that RSA 507:15-a may deny her constitutional right to access the courts under notions of due process and equal protection. To raise a state constitutional claim, the party has to specifically invoke a provision of the State Constitution. *Matter of Kempton*, 166 N.H. __, 119 A.3d 198, 205 (2015). Defendant's various pleadings in this matter, as well as her testimony at the April 13, 2016 trial, failed to cite a provision of the New Hampshire Constitution. Accordingly, the Court should decline to analyze whether RSA 507:15-a is constitutional under the New Hampshire Constitution.

10481736.1

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                                                                                    SUPERIOR COURT

Town of Wolfeboro

v.

Josephine Amatucci

Case No. 212-2015-CV-00090

**PLAINTIFF'S SUPPLEMENTAL POST-TRIAL MEMORANDUM**

At the trial in this matter on April 13, 2016, Plaintiff Town of Wolfeboro submitted evidence of two matters now pending in the United States District Court ("USDC") based on the Defendant's arrest on May 7, 2014 for speeding and failure to obey police officers. See Exhibits 99-101 and 105 (pp. 40-41). Subsequent to the trial and the filing of Plaintiff's Post-Trial Memorandum, Plaintiff has become aware of three additional lawsuits that Defendant has filed in USDC that are relevant to the issues in this case and which may be of aid to this Court. The three additional cases are as follows:

1. Josephine Amatucci v. Stuart Chase, Wolfeboro Police Department and Town of Wolfeboro (16-cv-00206-SM) filed on April 11, 2016;

2. Josephine Amatucci v. Greg Dube (16-cv-00207-JD) filed on April 28 2016; and

3. Josephine Amatucci v. Stuart Chase (Police Chief) and Wolfeboro Police Department (16-cv-00208-JL) filed on May 5, 2016.

All five cases are still pending in USDC, awaiting orders of notice or other disposition.

Copies of Defendant's three additional Complaints filed in USDC (without the voluminous attachments thereto) are attached hereto as Exhibits A, B and C. The first case is a suit for damages against the Wolfeboro Police Chief, the Wolfeboro Police Department and the